■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL GIBBS, Appellant. [617 NYS2d 2] —Judgment, Supreme Court, New York County (Richard Andrias, J.), rendered December 2, 1992, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

Defendant's contention that portions of the prosecutor's closing statement exceeded the bounds of permissible advocacy is largely unpreserved (CPL 470.05 [2]). Were we to reach the merits of defendant's claims in the interest of justice, we would find them without merit. We find that the prosecutor did not vouch for the truthfulness of an identification witness or mischaracterize the defense by remarking that the witness "would have no reason to come into this courtroom and lie." Nor do we find her remark that "the evidence is unrefuted" to constitute reversible error, since this was a fair response to defense counsel's summation argument that defendant was an innocent bystander who was mistakenly identified by the victim in the "haze" of his emotional trauma.

The comment defendant did object to, namely, that the

witness was motivated to testify to ensure that "the man who committed the crime does not get away with it" was harmless, and within the broad bounds of rhetorical comment permitted in a closing statement *(People v Galloway,* 54 NY2d 396).

We have considered defendant's other arguments, and find them to be without merit. Concur—Murphy, P. J., Rosenberger, Wallach, Ross and Rubin, JJ.