■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND PEREZ, Appellant. [667 NYS2d 701] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered November 14, 1995, convicting defendant, after a jury trial, of two counts of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

The courtroom was properly closed during the undercover officer's testimony since a specific link between the undercover officer's safety concerns and open-court testimony in this particular case was clearly established (People v Ayala, 90 NY2d 490, 498, cert denied — US —, 118 S Ct 574). The undercover officer testified that he was actively engaged in undercover work at the exact location of defendant's arrest, that he had

worked at this location four times during the past month and expected to return to it that day or the next, that he had numerous pending cases in the same court, that he feared for his safety and his effectiveness should his identity as a police officer be revealed, and that he took certain measures to protect his identity, including riding to court in an unmarked car and using private entrances to the District Attorney's Office and the courthouse.

The trial court properly exercised its discretion in rendering a *Sandoval* ruling that permitted limited inquiry as to the drug-related nature of only two of defendant's numerous drug-related convictions. Despite the similarity of those crimes to the crimes defendant was charged with in the instant case, the ruling was proper since those crimes demonstrated defendant's willingness to put his own interests above those of society (*People v Reyes*, 240 AD2d 165). Defendant cannot insulate himself from inquiry simply because he has specialized in crimes similar to the one charged (*People v Jones*, 236 AD2d 336, *lv denied* 89 NY2d 1095).

The challenged portions of the People's summation do not warrant reversal. Any prejudice that may have occurred from the comments in question was obviated by the court's curative instructions, which the jury is presumed to have followed (*People v Davis*, 58 NY2d 1102). Concur—Rosenberger, J. P., Wallach, Rubin, Williams and Tom, JJ.