■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAVIER MONTALBO, Appellant. [697 NYS2d 6] —Judgment, Supreme Court, New York County (Felice Shea, J.), rendered October 24, 1997, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5½ to 11 years, unanimously affirmed.

The court's *Sandoval* ruling, limiting inquiry to two of defendant's four drug-related convictions and his use of aliases on those occasions, was an appropriate exercise of discretion since these convictions, although similar to the charged crimes, demonstrated defendant's willingness to place his own interest above that of society and bore directly on his credibility (*see, People v Walker*, 83 NY2d 455, 459; *People v Pavao*, 59 NY2d 282, 292; *People v Perez*, 246 AD2d 335, *lv denied* 91 NY2d 1011).

Defendant's severance motion was properly denied. Aside from being untimely (CPL 255.10 [1] [g]; 255.20 [1], [3]), the motion did not establish a sufficient basis for severance, since the evidence against both defendants was essentially identical, and their defenses were fundamentally similar (*see, People v Mahboubian*, 74 NY2d 174, 183-184), and defendant was not prejudiced in any way by a joint trial (*compare, People v Cardwell*, 78 NY2d 996).

We perceive no abuse of sentencing discretion.

By failing to object or to make specific objections, defendant has failed to preserve his remaining contentions and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Rosenberger, J. P., Tom, Mazzarelli, Lerner and Friedman, JJ.