■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIM JOHNSON, Appellant. [756 NYS2d 574] —Judgments, Supreme

Court, New York County (Ronald Zweibel, J.), rendered August 14, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the third degree, and bail jumping in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years on the controlled substance convictions and a consecutive term of 2 to 4 years on the bail jumping conviction, unanimously affirmed.

The trial court properly exercised its discretion when, in ruling upon defendant's *Sandoval* motion, it permitted inquiry by the People as to a few of defendant's numerous prior convictions and bench warrants (*see e.g. People v Hayes*, 97 NY2d 203, 206-207 [2002]; *People v Perez*, 246 AD2d 335, 336 [1998], *lv denied* 91 NY2d 1011 [1998]).

The photographs taken from the police officer's observation post with a lens replicating the degree of magnification provided by the officer's binoculars "were relevant to illustrate the officer's ability to observe the sale and the power of his binoculars" (*People v Rodriguez*, 278 AD2d 99, 100 [2000], *lv denied* 96 NY2d 787 [2001]) and did not require authentication by the photographer (*People v Johnson*, 279 AD2d 294 [2001], *lv denied* 96 NY2d 830 [2001]).

The photograph of the codefendant on the drug charges was relevant to show that the police officer's description of the codefendant was accurate. Inasmuch as the sole purpose of the photograph was not to arouse the emotions of the jury and prejudice defendant, its exclusion was not required (*see People v Pobliner*, 32 NY2d 356, 370 [1973], *cert denied* 416 US 905 [1974]). The photograph did not prejudice defendant by implying that he associated with criminals; because it was from the very incident at issue, it did not imply that the codefendant had a prior criminal record (*see People v McCorkel*, 164 AD2d 799 [1990]).

The trial court did not err when it exercised its discretion to permit the undercover officer to explain on rebuttal why he was observing defendant, even if that testimony implied that defendant was engaged in another drug transaction (*see People v Blakeney*, 219 AD2d 10 [1996], *affd* 88 NY2d 1011 [1996]).

Defendant's argument that he was denied a fair trial because of the People's cross-examination is unpreserved, and we decline to consider it in the interest of justice. Were we to reach it, we would find that the People did not gratuitously attack defendant's lifestyle, mischaracterize the defense, or denigrate defendant.

Defendant was not denied a fair trial because of the People's summation. While defendant did not directly accuse the police of lying, he did ask the jury to weigh the credibility of his version and the police version of events. The prosecutor's summation response to this thinly veiled challenge to the credibility of her witnesses did not exceed the bounds of propriety (*see e.g. People v Overlee*, 236 AD2d 133, 136, 143-144 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 119 [1992], *lv denied* 81 NY2d 884 [1993]; *and see People v Gibbs*, 207 AD2d 739 [1994], *lv denied* 84 NY2d 935 [1994]). Contrary to defendant's contentions, the People, in closing, did not blame defendant for the loss of certain evidence, nor did they mischaracterize the defense or denigrate defendant.

We have considered defendant's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Sullivan, Lerner, Friedman and Gonzalez, JJ.