■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX NIEVES, Appellant. [682 NYS2d 22] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered January 11, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in third and seventh degrees, and sentencing him, as a second felony offender, to concurrent terms of 9 to 18 years, 9 to 18 years and 1 year, respectively, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to concurrent terms of 6 to 12 years, 6 to 12 years and 1 year, and otherwise affirmed.

The court's *Sandoval* ruling properly permitted the prosecution to question defendant about the fact that he was convicted of selling drugs in 1988 despite the similarity of this conviction to the crime charged in this case (*see, People v Pavao*, 59 NY2d 282, 292; *People v Perez*, 246 AD2d 335, *lv denied* 91 NY2d 1011).

We find the sentence excessive to the extent indicated. Concur—Ellerin, J. P., Nardelli, Williams and Andrias, JJ.

■ SIXTY-SIX CROSBY ASSOCIATES, Respondent, et al., Plaintiff, v BERGER & KRAMER, L. L. P., et al., Appellants, et al., Defendant. [680 NYS2d 846] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered June 3, 1998, which, *inter alia*, denied defendants' motion to compel discovery, unanimously affirmed, without costs.

The IAS Court properly denied the motion to compel plaintiffs to answer a second set of interrogatories since summary denial of such a motion is mandated when it is made without a proper affirmation of good faith as required by 22 NYCRR 202.7 (a) (*see, Vasquez v G.A.P.L.W. Realty*, 236 AD2d 311; *Matos v Mira Realty Mgt. Corp.*, 240 AD2d 214). Concur—Ellerin, J. P., Nardelli, Williams and Andrias, JJ.