■ LAUREN TELEP, Appellant, v REPUBLIC ELEVATOR CORP. et al., Respondents. [699 NYS2d 380] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered on or about February 22, 1999, which, insofar as appealed from, denied plaintiff's motion to renew the dismissal of her complaint, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion to renew granted, and the complaint reinstated. Appeal from order, same court and Justice, entered November 16, 1998, denying plaintiff's motion to vacate the dismissal of her complaint, unanimously dismissed, without costs, as academic.

Plaintiff alleged that on the afternoon of February 12, 1991, she was injured when she tripped and fell while exiting an elevator that was not level with the floor. On or about January 31, 1994, she commenced this action against defendant Republic Elevator Corp., which repaired and maintained the elevator in question; defendant 340 East 93rd Street Corp., which owned and operated the building; and defendants Kreisel Company, Inc. and Douglas, Elliman, Gibbons and Ives, the managing agents. Discovery was ongoing in the case until 1997. On or about April 20, 1998, the case was dismissed based on plaintiff's counsel's failure to appear for a calendar call. Counsel made a timely motion to restore the case, but did not include an affidavit of merit, due to her mistaken belief that the case had not been dismissed but only stricken from the calendar. Thus, the first motion only included the attorney's affirmation stating that she had not known of the calendar call and that discovery was ongoing. The motion was denied by order dated November 16, 1998, due to the absence of an affidavit of merit.

Plaintiff next filed a motion to renew and reargue the motion to restore. This time, she submitted an affidavit of merit set-

ting forth the details of the accident, as well as copies of the summons and complaint, her verified bill of particulars and Republic's service contract and repair records for the elevator. She also noted that at the time of the original motion, she had been diagnosed with muscular dystrophy, implying that her medical condition had temporarily diverted her attention from the case. The court treated this motion as a motion for reargument only, and dismissed it without opinion. This was an improvident exercise of discretion.

A trial court Judge may dismiss an action when the plaintiff fails to answer a calendar call (CPLR 3401; 22 NYCRR 202.27). To vacate such a default judgment, the plaintiff must show a reasonable excuse for the default and á meritorious cause of action (*Mitrany v American Tit. Ins. Co.*, 238 AD2d 179). Mistake as to the scheduling of a calendar call may be a sufficient excuse (*see, Diaz v New York Downtown Hosp.*, 262 AD2d 62), particularly where the parties were "busily engaged in significant pretrial activity" making it unlikely that defendants would think the action was abandoned (*Jean-Louis v 345 Riverside Dr. Apt. Corp.*, 259 AD2d 402).

Though the original motion to vacate the default was properly denied due to the absence of an affidavit of merit, the motion to renew should have been granted. We treat same as a motion to renew, contrary to the IAS Court's designation, because it was based on newly submitted evidence (*Framapac Delicatessen v Aetna Cas. & Sur. Co.*, 249 AD2d 36). A court has broad discretion to grant renewal even where the newly submitted facts were known at the time of the original motion, provided that the movant has a reasonable excuse for failing to submit the material originally (*Scannell v Mt. Sinai Med. Ctr.*, 256 AD2d 214).

Since the IAS Court, in striking the action from the calendar, did not issue a formal order setting forth its disposition of the case, plaintiff's counsel's mistaken belief that the case was only marked off was not unreasonable. Faced with similar facts in *Diaz v New York Downtown Hosp.* (*supra*, at 63), this Court held: "Plaintiff's motion to renew was properly granted upon an adequate showing that her failure to submit an affidavit of merit in support of the first motion was inadvertent, and in the absence of any showing by defendants of prejudice attributable to the short delay caused by such failure".

Plaintiff's affidavit of merit was sufficient to justify restoring the action to the calendar. She alleged that the elevator had stopped eight to ten inches higher than the hall floor, and presented evidence that in the year prior to the accident, the eleva-

tor misleveled at least two times and was the subject of nearly 40 repair calls. She also submitted details of her alleged injuries. In light of "the strong public policy in favor of resolving cases on the merits" (*Framapac Delicatessen v Aetna Cas. & Sur. Co., supra,* at 37), it was error to deny the motion to renew. Concur—Ellerin, P. J., Rosenberger, Nardelli, Mazzarelli and Friedman, JJ.