■ ANDREA HALKIAS, Appellant-Respondent, v OTOLARYNGOLOGY-FACIAL PLASTIC SURGERY ASSOCIATES, P. C., et al., Defendants, LENOX HILL HOSPITAL, Respondent, and SAMUEL J. WAHL, Appellant. [724 NYS2d 432] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Spodek, J.), dated May 22, 2000, as granted the motion of the defendant Lenox Hill Hospital for summary judgment dismissing the complaint insofar as asserted against it, and the defendant Samuel J. Wahl separately appeals, as limited by his brief, from so much of the same order as denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is modified, by deleting the provision thereof granting the motion by the defendant Lenox Hill Hospital for summary judgment dismissing the complaint insofar as asserted against it and substituting therefor a provision denying that motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff seeks to recover damages for personal injuries stemming from the purported malpractice of, among others, the defendants Lenox Hill Hospital (hereinafter Lenox Hill) and Dr. Samuel Wahl, for failing to diagnose a malignant lymphoma. Lenox Hill successfully moved for summary judgment, arguing that Dr. Wahl was not employed by it but by a separate pathology group which operated within it and which was never made a party to the action. The president of the pathology group also served as chairman of Lenox Hill's Pathology Department.

The mere showing that Dr. Wahl was employed by another entity is insufficient to entitle Lenox Hill to judgment as a matter of law (*see, Zuckerman v City of New York,* 49 NY2d 557; *Delprete v Victory Mem. Hosp.,* 191 AD2d 673, 674). Triable issues remain as to the degree of control exercised by Lenox Hill over Dr. Wahl, who despite being employed by the pathology group still answered to the chairman of Lenox Hill's Pathology Department (*see, Felice v St. Agnes Hosp.,* 65 AD2d 388), as well as with regard to whether the plaintiff sought medical care from Lenox Hill rather than from a particular physician (*see, Augeri v Massoff,* 134 AD2d 308, 309).

Dr. Wahl's motion for summary judgment was properly denied. The Supreme Court correctly found that conflicting expert affidavits submitted in relation to the motion raised a triable issue of fact as to whether Dr. Wahl deviated from good and accepted medical practice. Resolution of issues of credibility of both expert and lay witnesses and the accuracy of their testimony are matters within the province of the jury (*see, Miller v Long Is. Light. Co.,* 166 AD2d 564). O'Brien, J. P., S. Miller, Friedmann and Townes, JJ., concur.