■ HAYLEY ZARZANA et al., Respondents, v SHEEPSHEAD BAY OBSTETRICS AND GYNECOLOGY, P. C., et al., Defendants, and RUBIN FRENKEL, Appellant. [735 NYS2d 627] —In an action to recover damages for medical malpractice, etc., the defendant Rubin Frenkel appeals from an order of the Supreme Court, Kings County (Jones, J.), dated June 28, 2001, which denied his mo-

tion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

The plaintiff Robin Zarzana (hereinafter the mother) received prenatal care from the appellant and the defendant Dr. Oleg Gutnick, who were associated with the defendant Sheepshead Bay Obstetrics and Gynecology, P. C. Late in the evening of May 17, 1996, the mother entered Victory Memorial Hospital (hereinafter Victory) with labor symptoms, and the infant plaintiff Hayley Zarzana (hereinafter the child) was delivered by Caesarean section on May 18, 1996.

The plaintiffs allege that the child's neurological injuries were the result of improper care provided by the defendants from May 17, 1996, to May 18, 1996. Specifically, the plaintiffs claimed that the defendants failed to appropriately respond to symptoms of fetal distress and failed to timely perform a Caesarean section. The appellant moved for summary judgment dismissing the complaint insofar as asserted against him based, in part, on an expert's affidavit which established, prima facie, that his treatment of the mother was not negligent (see, Alvarez v Prospect Hosp., 68 NY2d 320).

We agree with the Supreme Court, however, that the deposition testimony of the parties and the affidavit submitted by the plaintiffs' expert were sufficient to raise a triable issue of fact as to whether the appellant was negligent. According to the plaintiffs' expert, the appellant departed from good and accepted medical practice in failing to make further inquiries or to issue further instructions when he was contacted at 12:50 A.M. on May 18, 1996, by a Victory staff physician who was monitoring the mother's symptoms and that such departure contributed to the infant's injuries. In view of the conflicting medical affidavits, summary judgment was properly denied (see, Halkias v Otolaryngology-Facial Plastic Surgery Assocs., 282 AD2d 650; Walker v Mount Vernon Hosp., 272 AD2d 468; Weissman v Wider, 235 AD2d 474). O'Brien, J. P., Santucci, H. Miller and Cozier, JJ., concur.