■ GLADYS PENA, Appellant, v ALFRED WEISSMAN et al., Respondents. [741 NYS2d 110] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Barone, J.), entered January 16, 2001, which granted the defendants' motion for leave to reargue their prior motion for summary judgment and, upon reargument, vacated a prior order of the same court, entered November 22, 2000, and granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order entered January 16, 2001, is modified, on the law, by deleting the provisions thereof which, upon

reargument, granted the motion for summary judgment and vacated the order entered November 22, 2000, and substituting therefor a provision adhering to the order entered November 22, 2000; as so modified, the order is affirmed, with costs to the plaintiff.

The plaintiff commenced this action against the defendants, owners of the subject building, for injuries caused by the negligent operation of an elevator. The defendants moved for summary judgment dismissing the complaint on the ground that they were not liable because a County of Westchester employee operated the subject elevator at the time of the accident. The Supreme Court denied the motion, holding that the defendants failed to show that their employee or agent did not operate the subject elevator at the time of the accident. Thereafter, the defendants moved for leave to reargue, asserting that the court overlooked the affidavit of their property manager which indicated that due to security concerns, the County of Westchester had taken over operation of the subject elevator at some unspecified point prior to the accident. The Supreme Court granted the motion and, upon reargument, vacated its earlier determination and granted the defendants' motion for summary judgment dismissing the complaint.

The Supreme Court providently exercised its discretion in granting the defendants' motion for leave to reargue since the court overlooked an affidavit of the defendants' property manager (*see McGill v Goldman,* 261 AD2d 593, 594; *Loland v City of New York,* 212 AD2d 674). However, while the defendants satisfied their initial burden of demonstrating prima facie their entitlement to summary judgment (*see generally Zuckerman v City of New York,* 49 NY2d 557, 561-564), the plaintiff succeeded in raising issues of fact in opposition to the motion regarding both the degree of alleged control exercised by the County of Westchester over the operation of the elevator (*see Sciolaro v Asch,* 198 NY 77) and whether the operator of the subject elevator at the time of the accident was an agent of the defendants or the County. Accordingly, the Supreme Court erred in granting the defendants' motion for summary judgment dismissing the complaint. Ritter, J.P., O'Brien, Krausman and Adams, JJ., concur.