◼ LAMONT STOVES et al., Respondents, et al., Plaintiff, v CITY OF NEW YORK, Appellant. [741 NYS2d 269] —In an action to recover damages for personal injuries, etc., the defendant appeals from (1) a decision of the Supreme Court, Kings County (Dabiri, J.), dated November 9, 2000, and (2), as limited by its brief, from so much of an order of the same court, dated January 24, 2001, as denied that branch of its motion which was pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the plaintiff Lamont Stoves and against it, and direct that judgment be entered in its favor as a matter of law, or alternatively, to set aside the verdict as against the weight of the evidence.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (see *Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The evidence at trial established that the infant plaintiff was exposed to high levels of lead in his apartment, which was owned by the defendant, and that he had elevated blood-lead levels for a two-year period. The jury rendered a verdict finding, inter alia, that the defendant's negligence was a substantial factor in causing the infant plaintiff's elevated blood-lead levels and that the elevated blood-lead levels were a substantial factor in causing his injuries. The jury awarded damages in the amounts of $200,000 for past pain and suffering, $650,000 for future pain and suffering, and $3,000,000 for loss of future earnings. The defendant moved, inter alia, to set aside the verdict. The trial court denied that branch of the motion, but directed a new trial on the issue of damages unless the infant plaintiff stipulated to reduce all of the damages awarded. The infant plaintiff declined to so stipulate. On appeal, the defendant does not challenge the jury's finding that its negligence caused the elevated blood-lead levels. However, it contends that the evidence was insufficient to support the jury's finding that the infant plaintiff's elevated blood-lead levels were a substantial factor in causing his alleged injuries. It further contends that the evidence on the issue of damages was insufficient to support any award of damages for past and future pain and suffering and future lost earnings. Consequently, it claims the complaint should be dismissed and judgment entered in its favor.

Contrary to the defendant's contention, the infant plaintiff adduced evidence from which a rational jury could conclude that his elevated blood-lead levels were a substantial factor in causing his permanent and irreversible cognitive, motor, and other deficits, and that the injuries limit the jobs he will be able to perform and will have adverse effects into his adult years (see *Cohen v Hallmark Cards,* 45 NY2d 493, 499; *Nicastro v Park,* 113 AD2d 129, 132). The defendant's presentation of evidence contrary to the opinions of the infant plaintiff's experts merely raised issues of fact for the jury to resolve (see *Gonzalez v Lok K. Cheng,* 287 AD2d 595, *lv denied* 97 NY2d 613; *Halkias v Otolaryngology-Facial Plastic Surgery Assoc.,* 282 AD2d 650). In addition, the infant plaintiff's experts rendered the other possible causes of the injuries "sufficiently

remote so as to enable the trier of fact to reach a conclusion based upon the logical inferences to be drawn from the evidence, and not upon speculation" (*Babino v City of New York*, 234 AD2d 241, 242). Consequently, the verdict on the issue of liability was supported by legally sufficient evidence. We further find that the verdict was not against the weight of the evidence (*see Nicastro v Park, supra* at 134).

We also conclude that the evidence was legally sufficient to support an award of damages for past and future pain and suffering and future lost earnings. While we agree with the defendant that the testimony regarding the amount of future lost earnings was speculative, dismissal of that portion of the infant plaintiff's damages claim is not required, as the defendant contends. Where the evidence demonstrates that damages exist, but proof as to the amount is speculative, the appropriate remedy is a new trial (*see Manniello v Dea*, 92 AD2d 426, 429). Here, a new trial will be held on the entire damages award because the infant plaintiff declined to stipulate to the court's reduction.

Contrary to the infant plaintiff's contention, he cannot challenge the court's reduction of the damages and seek reinstatement of the amounts awarded by the jury on this appeal. He was aggrieved by that portion of the order which reduced the damages awarded and could have appealed from that adverse determination but failed to do so (*compare, Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546). Altman, J.P., Florio, H. Miller and Cozier, JJ., concur.