■ KAREN OESTREICH, Respondent, et al., Plaintiff, v SANDRA B. BOYD, Defendant, and MARY M. DIDIE, Appellant. [751 NYS2d 413] —In an action to recover damages for personal injuries, the defendant Mary M. Didie appeals from (1) an order of the Supreme Court, Westchester County (Murphy, J.), entered October 25, 2001, which granted the motion of the plaintiff Karen Oestreich for renewal and reargument, and upon renewal and reargument, adhered to the prior determination in an order entered March 2, 2001, granting the motion of Mary M. Didie for summary judgment dismissing the complaint insofar as asserted on behalf of the plaintiff Karen Oestreich and against her, and (2) an order of the same court, entered January 18, 2002, which granted the motion of the plaintiff Karen Oestreich for renewal, and upon renewal, vacated the prior orders entered October 25, 2001, and March 2, 2001, and denied her motion for summary judgment.

Ordered that the appeal from the order entered October 25, 2001, is dismissed, as the appellant is not aggrieved by that order (*see* CPLR 5511); and it is further,

Ordered that the order entered January 18, 2002, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

While a motion for leave to renew a prior motion should generally be based on newly-discovered facts, it is within the court's discretion to grant renewal even upon facts known to the movant at the time of the original motion (*see Friedman v U-Haul Truck Rental,* 216 AD2d 266; *Canzoneri v Wigand Corp.,* 168 AD2d 593). Here, the Supreme Court properly exercised its discretion and accepted as new evidence proof that was available to the respondent at the time of the appellant's original motion.

Upon renewal, in response to the appellant having made out

a prima facie case for summary judgment dismissing the complaint, the respondent's opposition sufficiently raised triable issues of fact requiring the denial of the motion (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345). Altman, J.P., McGinity, Schmidt and Rivera, JJ., concur.