■ ANDREA BARBUTO, Respondent, v WINTHROP UNIVERSITY HOSPITAL et al., Defendants, and ROBERT KLEIN et al., Appellants. [760 NYS2d 199] —In an action to recover damages for medical malpractice, the defendants Robert Klein and Steven Geier appeal from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated October 16, 2002, as granted the plaintiff's motion for leave to renew their prior motion for summary judgment dismissing the complaint insofar as asserted against them, and, upon renewal, vacated its prior order, dated July 23, 2002, granting the motion for summary judgment, and denied the motion.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the appellants' contention, the Supreme Court providently exercised its discretion in granting the plaintiff leave to renew their prior motion for summary judgment dismissing the complaint insofar as asserted against them. Although the supplemental affirmation of the plaintiff's expert adduced upon renewal was not based upon new facts, the court had the discretion to grant leave to renew upon facts known to the plaintiff at the time of the original motion (*see Oestreich v Boyd*, 300 AD2d 375 [2002]). Moreover, the court providently

exercised its discretion to consider the supplemental affirmation which was belatedly served by the plaintiff in surreply on the appellants' original motion (*see Pena v Weissman,* 293 AD2d 659 [2002]).

Upon renewal, the Supreme Court properly denied the appellants' motion for summary judgment. In opposition to the appellants' prima facie showing, the plaintiff adduced sufficient evidence to raise a triable issue of fact, inter alia, as to whether the appellants' alleged failure to diagnose the ruptured splenic artery aneurysm of the plaintiff's mother was a departure from appropriate standards of care, which increased the harm to the plaintiff in utero, caused by oxygen deprivation (*see Jump v Facelle,* 275 AD2d 345, 346 [2000]; *see also Cavlin v New York Med. Group,* 286 AD2d 469 [2001]). The motion papers presented a credibility battle between the parties' experts, and issues of credibility are properly left to a jury for its resolution (*see Stoves v City of New York,* 293 AD2d 666 [2002]; *Halkias v Otolaryngology-Facial Plastic Surgery Assoc.,* 282 AD2d 650 [2001]). In light of the conflicting medical expert opinions, upon renewal, the court properly denied the appellants' summary judgment motion (*see Zarzana v Sheepshead Bay Obstetrics Gynecology,* 289 AD2d 570 [2001]; *Bennett v Knipfing,* 262 AD2d 260 [1999]; *Weissman v Wider,* 235 AD2d 474 [1997]). Ritter, J.P., Smith, S. Miller and Adams, JJ., concur.