In an action, inter alia, to recover damages for medical malpractice, etc., the defendant Vincent Gulfo appeals from an order of the Supreme Court, Kings County (Steinhardt, J.), dated January 21, 2003, which granted the plaintiffs’ motion for leave to reargue his prior motion for summary judgment dismissing the complaint insofar as asserted against him, which had been granted in a prior order of the same court (R. Goldberg, J.), dated September 23, 2002, and upon reargument, vacated the original determination and denied his motion for summary judgment.
Ordered that the order is affirmed, with costs.
Contrary to the appellant’s contention, the Supreme Court providently exercised its discretion in granting the plaintiffs’ motion for leave to reargue (see generally CPLR 2221 [d]; Loland v City of New York, 212 AD2d 674 [1995]). Upon reargument, the Supreme Court properly denied the appellant’s motion for summary judgment because issues of fact exist, inter alia, with respect to whether he was negligent in failing to be present while a nerve conduction study was performed on the injured plaintiff on October 10, 1996, and in failing to ensure that studies of the ulnar nerve above and below the elbow were performed that day, and whether such negligence, if any, was a proximate cause of the injuries (see generally Zuckerman v City of New York, 49 NY2d 557 [1980]; Barbuto v Winthrop Univ. Hosp., 305 AD2d 623, 624 [2003]; Halkias v Otolaryngology-Facial Plastic Surgery Assoc., 282 AD2d 650, 651 [2001]). Indeed, the appel *569 lant never adequately addressed the results of an August 1996 nerve conduction test performed by another physician in attempting to make out a prima facie case of his entitlement to judgment as a matter of law.
The appellant’s remaining contentions are without merit. Prudenti, P.J., Altman, Smith and Crane, JJ., concur.