■ THOMAS PANDOLF, Respondent, v AMERICAN INTERNATIONAL GROUP, INC., Appellant. [792 NYS2d 54]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered December 8, 2004, which, in an action for employment discrimination, upon renewal, vacated plaintiff's default in opposing defendant's motion to dismiss the complaint pursuant to CPLR 3126, and denied such motion upon condition that plaintiff's attorney pay defendant $500, unanimously modified, on the facts, to increase the amount to $1,000, payable within 20 days of service of a copy of this order with notice of entry, and otherwise affirmed, without costs.

By order entered April 15, 2003, the complaint was dismissed upon plaintiff's default in opposing defendant's motion seeking such relief as a CPLR 3126 disclosure sanction; by order to show cause dated December 19, 2003, plaintiff moved to vacate that order on the ground that his default was due to excusable law office failure; by order dated July 6, 2004, plaintiff's motion was denied, the court stating that although it was "inclined" to grant the motion since defendant was not "unduly prejudiced by the delay," in the absence of an affidavit of merit it was "constrained" to deny the motion "without prejudice to renewal upon an appropriate affidavit of merit" (citing *Telep v Republic El. Corp.*, 267 AD2d 57 [1999]). By notice of motion dated July 19, 2004, plaintiff moved to renew, resulting in the order on appeal, which, insofar as it addressed the merits, merely indicated that plaintiff's newly submitted affidavit was sufficient. On appeal, defendant argues that the motion to renew should not have been granted because plaintiff's affidavit of merit was nothing more than a rehashing of his unverified complaint, based entirely on facts and documents known to plaintiff at the time of the original motion to vacate, and devoid of any explanation for the failure to provide those facts on the original motion; in addition, defendant argues that plaintiff did not offer a reasonable excuse for his disclosure defaults.

Defendant's argument relating to the affidavit of merit fails to appreciate that plaintiff's motion to renew was invited by the motion court in order to cure what it plainly perceived as an inadvertent oversight that had nothing to do with the real issue before it, namely, whether defendant was prejudiced by the delay that followed plaintiff's failure to oppose defendant's CPLR 3126 motion. This framing of the issue was responsive to defendant's opposition, which merely pointed out that plaintiff's attorney learned of the April 15, 2003 order dismissing the complaint no later than August 12, 2003, yet he waited until December 19, 2003 to make a motion to vacate that order. In all

likelihood, plaintiff's motion to vacate would have been granted had the complaint been verified (*cf.* CPLR 3215 [f]).

The July 6, 2004 order properly granted plaintiff leave to renew his motion to vacate the April 15, 2003 order upon proper papers that included an affidavit of merit, where defendant did not show prejudice attributable to the eight-month delay between the April 15, 2003 order and plaintiff's December 19, 2003 motion to vacate it (*cf. Telep, supra; Campbell v Cloverleaf Transp.*, 5 AD3d 169 [2004]; *Cespedes v McNamee*, 308 AD2d 409 [2003]). Upon submission of an affidavit of merit, renewal was properly granted, and, upon renewal, the April 15, 2003 order was properly vacated upon a showing of excusable law office failure and a meritorious cause of action. Also upon renewal, defendant's CPLR 3126 motion, which was made without the required attorney's affirmation of good faith (22 NYCRR 202.7 [a] [2]), was properly denied (*see Sixty-Six Crosby Assoc. v Berger & Kramer*, 256 AD2d 26 [1998]), on condition that plaintiff's attorney pay defendant a sum due to his unexplained failures to appear at a scheduled deposition and to respond to document demands and interrogatories. In our view, the amount imposed was inadequate and we raise it to $1,000. Concur—Andrias, J.P., Sullivan, Williams, Gonzalez and Catterson, JJ.