■ ROYAL AGRICOLA, S.A., Respondent, v F.D. IMPORT AND EXPORT CORP., Appellant. [828 NYS2d 908]—In an action, inter alia, to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), dated October 28, 2005, as granted the plaintiff's motion for leave to renew its prior motion to vacate its default in opposing the defendant's motion to dismiss the complaint, which was determined in an order of the same court dated May 17, 2005, and upon renewal, vacated the prior determination, granted the plaintiff's motion to vacate its default, and restored the case to the calendar.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly exercised its discretion in granting the plaintiff's motion for leave to renew its prior motion to vacate its default in opposing the defendant's motion to dismiss even though it was based upon facts known to the plaintiff at the time it made the prior motion (*see Pandolf v American Intl. Group, Inc.*, 16 AD3d 315 [2005]; *Oestreich v Boyd*, 300 AD2d 375 [2002]).

Additionally, upon renewal, the court properly granted the plaintiff's motion to vacate its default. The plaintiff was required to demonstrate both a reasonable excuse for its default and a meritorious claim (*see Gironda v Katzen*, 19 AD3d 644 [2005]). Under the circumstances of this case, the Supreme Court providently exercised its discretion in accepting the plaintiff's excuse attributable to law office failure as a reasonable excuse (*see Gironda v Katzen, supra*; *Pandolf v American Intl. Group, Inc.*, 16 AD3d 315 [2005]; *Braswell v Schaffler*, 12 AD3d 474 [2004]). Further, the Supreme Court properly concluded that the plaintiff presented a meritorious claim (*see Parker v City of New York*, 272 AD2d 310 [2000]). Prudenti, P.J., Krausman, Dillon and McCarthy, JJ., concur.