■ SUSAN ATWATER, Appellant, v COUNTY OF SUFFOLK et al., Respondents, et al., Defendant. [855 NYS2d 226]—

In an action to recover damages for personal injuries, the plaintiff appeals from stated portions of an order of the Supreme Court, Suffolk County (Whelan, J.), dated March 29, 2007, which, inter alia, granted the motion of the defendants County of Suffolk and Suffolk County Community College to dismiss the complaint insofar as asserted against them on the ground that the notice of claim and the amended notice of claim did not provide a sufficient description of the location of the accident.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured when a defective door at the campus of the defendant Suffolk County Community College (hereinafter SCCC) struck her in the face on March 4, 2003. A notice of claim and an amended notice of claim were served on the respondents in May 2003. Both the notice of claim and the amended notice of claim described the location of the accident as "the main entrance of the Southampton building through the steel doors located on the left side of said entrance." At the General Municipal Law § 50-h hearing in August 2003 the plaintiff described the route she took to arrive at the building where her accident occurred. There was no testimony regarding the number of entrances to the building or where they were located. In November 2005, more than 2½ years after the accident, a representative of the SCCC appeared for a deposition with records pertaining to the doors at the main entrance. When shown pictures of the door involved in this accident, the witness identified the door as located at the entrance of the back of the building and not the main entrance of the building as described in the notice of claim and the amended notice of claim. Thereafter, the witness appeared for a further deposition wherein he maintained that the work orders and complaints regarding the doors at the back of the building had been lost. The respondents, prior to learning the location of the plaintiff's accident, changed computer systems and the records were inadvertently deleted.

The Supreme Court, inter alia, granted the respondents' motion to dismiss the complaint insofar as asserted against them upon a finding that the notice of claim and the amended notice of claim failed to provide an accurate description of the location of the accident, and that, as a result the respondents were prejudiced.

A notice of claim must describe the location of the accident with sufficient particularity to allow the public entity to timely and effectively investigate and defend the claim while the information is still fresh (*see Adrian v Town of Oyster Bay*, 262 AD2d 433, 434 [1999]). The test of the sufficiency of a notice of claim is whether the public entity is able to "locate the place, fix the time, and understand the nature of the accident" (*Canelos v City of New York*, 37 AD3d 637, 638 [2007]). In a motion to dismiss a complaint based on insufficiency of a notice of claim, General Municipal Law § 50-e (6) provides that "a mistake, omission, irregularity or defect made in good faith . . . may be corrected, supplied or disregarded, as the case may be, in the discretion of the court, provided it shall appear that the other party was not prejudiced thereby" (*see D'Alessandro v New*

*York City Tr. Auth.*, 83 NY2d 891, 893 [1994]; *Power v Manhattan & Bronx Surface Operating Auth.*, 16 AD3d 655 [2005]). In evaluating the notice of claim, the court may consider the hearing held pursuant to General Municipal Law § 50-h and any other evidence, including the notice of claim (*see D'Alessandro v New York City Tr. Auth.*, 83 NY2d at 893).

Here, the notice of claim and the amended notice of claim did not provide a sufficient description of the location of the accident. The hearing did not remedy the deficiencies. There was no testimony regarding the number of entrances to the building, or where they were located. The work orders and complaints pertaining to the door were lost during a computer system conversion. The respondents are not able to ascertain if the door had been repaired, and, if so, whether it was repaired by their employees or an outside contractor. They have demonstrated actual prejudice in their investigation into this matter and the preparation of their defense.

Accordingly, the Supreme Court properly granted the respondents' motion to dismiss the complaint insofar as asserted against them.

The plaintiff's remaining contention is without merit. Fisher, J.P., Angiolillo, Balkin and Leventhal, JJ., concur. [*See* 2007 NY Slip Op 30503(U).]