■ SEAN AKASH MONSELS, Respondent, v YVONNE SINCLAIR et al., Defendants, and ANTHONY ROYEK et al., Appellants. [859 NYS2d 686]—

In an action, inter alia, to recover damages for medical malpractice, the defendants Anthony Royek and Steven Salmieri appeal from so much of an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated March 5, 2007, as denied those branches of the motion of the defendants Anthony Royek, Steven Salmieri, Allen Monheit, and Edmond La Gamma, which were for summary judgment dismissing the complaint insofar as asserted against the defendants Anthony Royek and Steven Salmieri.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court correctly determined that the defendants Anthony Royek and Steven Salmieri (hereinafter the defendants) were not entitled to summary judgment dismissing the complaint insofar as asserted against them. In opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law, the infant plaintiff adduced sufficient evidence to raise triable issues of fact, inter alia, as to whether the defendants' alleged failure to prescribe antibiotics for his mother Krishna Mohan to treat gram-negative infections prior to her delivery of him was a departure from accepted standards of care. The motion and opposition papers raised credibility issues between the plaintiff's and the defendants' experts, and issues of credibility are properly left to a jury for resolution (*see Barbuto v Winthrop Univ. Hosp.*, 305 AD2d 623 [2003]; *Stoves v*

*City of New York*, 293 AD2d 666 [2002]; *Halkias v Otolaryngology-Facial Plastic Surgery Assoc.*, 282 AD2d 650 [2001]). In light of the conflicting medical expert opinions, the defendants were not entitled to summary judgment dismissing the complaint insofar as asserted against them (*see Barbuto v Winthrop Univ. Hosp.*, 305 AD2d 623 [2003]; *Zarzana v Sheepshead Bay Obstetrics & Gynecology*, 289 AD2d 570 [2001]; *Bennett v Knipfing*, 262 AD2d 260 [1999]; *Weissman v Wider*, 235 AD2d 474 [1997]). Miller, J.P., Dillon, Balkin and Chambers, JJ., concur. [*See* 2007 NY Slip Op 30154(U).]