■ In the Matter of DENISE PARKER, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent, et al., Respondent. [916 NYS2d 841]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals,

as limited by her brief, from (1) so much of an order of the Supreme Court, Queens County (Kerrigan, J.), dated March 24, 2010, as denied that branch of her petition which was for leave to serve a late notice of claim upon the New York City Housing Authority and dismissed so much of the proceeding as was asserted against the New York City Housing Authority, and (2) so much of an order of the same court entered July 30, 2010, as denied that branch of her motion which was for leave to renew that branch of her petition which was for leave to serve a late notice of claim upon the New York City Housing Authority.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

The Supreme Court properly denied that branch of the petition which was for leave to serve a late notice of claim upon the New York City Housing Authority (hereinafter NYCHA). The proposed notice of claim and the petitioner's affidavit did not provide a sufficient description of the location of the accident to allow NYCHA to investigate the allegations contained in the notice of claim (*see* General Municipal Law § 50-e [2]; *Atwater v County of Suffolk*, 50 AD3d 713, 714-715 [2008]; *Canelos v City of New York*, 37 AD3d 637, 638 [2007]; *Perre v Town of Poughkeepsie*, 300 AD2d 379, 380 [2002]). Although this was a sufficient basis upon which to deny the petition (*see Matter of Melissa G. v North Babylon Union Free School Dist.*, 50 AD3d 901, 902 [2008]; *Perre v Town of Poughkeepsie*, 300 AD2d at 380; *Matter of Klobnock v City of New York*, 80 AD2d 854 [1981]), the petitioner also failed to demonstrate that there would be no prejudice to NYCHA as a consequence of the delay caused by her failure to serve an adequate and timely notice of claim (*see Matter of Gobardhan v City of New York*, 64 AD3d 705, 706 [2009]; *Matter of Smith v Baldwin Union Free School Dist.*, 63 AD3d 1078 [2009]; *Matter of Bruzzese v City of New York*, 34 AD3d 577, 578 [2006]; *cf. Pandolf v American Intl. Group, Inc.*, 16 AD3d 315, 317 [2005]; *Cruz v Castanos*, 10 AD3d 277 [2004]; *Telep v Republic El. Corp.*, 267 AD2d 57, 58 [1999]).

Furthermore, the Supreme Court providently exercised its discretion in denying that branch of the petitioner's motion which was for leave to renew. A motion for leave to renew must be based upon new facts which were not offered on the original petition that would change the prior determination, and contain a "reasonable justification" for the failure to present such facts on the original petition (CPLR 2221 [e]; *see Matter of Korman v Bellmore Pub. Schools*, 62 AD3d 882, 884 [2009]; *Matter of Progressive Northeastern Ins. Co. v Frenkel*, 8 AD3d 390, 391 [2004]). Here, the petitioner did not articulate a justifiable

excuse for her failure to submit certain photographs with the original petition. Moreover, the photographs submitted by the petitioner were insufficient to change the prior determination denying that branch of the petition which was for leave to serve a late notice of claim upon NYCHA (*see Washington v City of New York*, 72 NY2d 881 [1988]; *Matter of Pico v City of New York*, 8 AD3d 287, 288 [2004]; *Seif v City of New York*, 218 AD2d 595, 597 [1995]; *Matter of Raczy v County of Westchester*, 95 AD2d 859 [1983]). Dillon, J.P., Leventhal, Belen, Austin and Cohen, JJ., concur.