Ordered that one bill of costs is awarded to the plaintiffs.

The defendants, moving separately but relying on the same evidence and arguments, met their prima facie burden of showing that the plaintiff Rudolf Rakhaminov, individually, did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see *Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injury to the lumbar region of Rakhaminov's spine did not constitute a serious injury under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (see *Staff v Yshua*, 59 AD3d 614 [2009]). The defendants also submitted evidence establishing that Rakhaminov did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (see *generally Karpinos v Cora*, 89 AD3d 994, 995 [2011]; *Richards v Tyson*, 64 AD3d 760, 761 [2009]).

In opposition, however, the plaintiffs submitted evidence raising triable issues of fact as to whether Rakhaminov sustained a serious injury to the lumbar region of his spine, and whether he sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (see *Perl v Meher*, 18 NY3d 208, 218-219 [2011]). Thus, the Supreme Court properly denied those branches of the defendants' respective motions which were for summary judgment dismissing the complaint insofar as asserted by Rakhaminov against each of them. Balkin, J.P., Hinds-Radix, Duffy and Connolly, JJ., concur.

■ RICHARD REUSTLE, as Administrator of the Estate of BARBARA REUSTLE, Deceased, Respondent, v DOUGLAS PETRACO,

M.D., et al., Defendants, et al., Defendant/Third-Party Plaintiff. TENDER TOUCH PHYSICAL THERAPY, P.C., Third-Party Defendant-Appellant. [63 NYS3d 111]—In an action to recover damages for medical malpractice, the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Diamond, J.), entered October 21, 2014, as denied its motion for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff's decedent, Barbara Reustle, underwent a hip replacement procedure at the defendant St. Charles Hospital on November 30, 2009. Following the surgery, from December 7, 2009, through January 4, 2010, Reustle received inpatient rehabilitation and physical and occupational therapy at a facility owned and operated by the defendant third-party plaintiff, Smithtown Health Care Management, LLC, doing business as Smithtown Center for Rehabilitation and Nursing Care, sued herein as Smithtown Center for Rehabilitation (hereinafter Smithtown). On January 4, 2010, an X ray revealed that the hip implant had pulled out of the bone and the hip had dislocated, requiring revision surgery.

Reustle commenced this medical malpractice action against, among others, Smithtown. Reustle alleged that Smithtown was negligent in the rehabilitation phase of her care by, inter alia, failing to properly evaluate her and schedule postoperative visits. Smithtown commenced a third-party action for contribution and common-law indemnification against the third-party defendant, Tender Touch Physical Therapy, P.C. (hereinafter Tender Touch), which, inter alia, provided the therapists to Smithtown who treated Reustle. Tender Touch moved for summary judgment dismissing the third-party complaint on the ground that it was not negligent in the care it rendered to Reustle. The Supreme Court denied the motion. Tender Touch appeals.

Tender Touch established its prima facie entitlement to judgment as a matter of law by adducing expert opinion that its staff did not deviate from the relevant standards of practice in the care of Reustle and, in any event, that there was no act or omission by it which was a proximate cause of the hip replacement dislocation (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Bowe v Brooklyn United Methodist Church Home*, 150 AD3d 1067, 1068 [2017]; *Bongiovanni v Cavagnuolo*, 138 AD3d 12, 16 [2016]). However, contrary to Tender Touch's contention, the Supreme Court properly determined that an

expert affirmation submitted in opposition to the motion raised triable issues of fact as to whether Tender Touch departed from good and accepted medical practice and, if so, whether such departures were a proximate cause of Reustle's injuries (*see Zarzana v Sheepshead Bay Obstetrics & Gynecology*, 289 AD2d 570, 571 [2001]). Tender Touch's remaining contention is without merit. In view of the conflicting medical opinions, the court properly denied Tender Touch's motion for summary judgment dismissing the third-party complaint (*see Cummings v Brooklyn Hosp. Ctr.*, 147 AD3d 902, 904 [2017]; *Henry v Sunrise Manor Ctr. for Nursing & Rehabilitation*, 147 AD3d 739, 741 [2017]; *Berger v Hale*, 81 AD3d 766 [2011]). Leventhal, J.P., Barros, Brathwaite Nelson and Christopher, JJ., concur.