Federczyk v Garden Gate Health Care Facility (2018 NY Slip Op 04230)





Federczyk v Garden Gate Health Care Facility


2018 NY Slip Op 04230


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


744 CA 18-00029

[*1]MARIA FEDERCZYK, PLAINTIFF-APPELLANT,
v
GARDEN GATE HEALTH CARE FACILITY AND GARDEN GATE HEALTH CARE FACILITY, LLC, DEFENDANTS-RESPONDENTS. 






BROWN CHIARI LLP, BUFFALO (THERESA M. WALSH OF COUNSEL), FOR PLAINTIFF-APPELLANT.
HARRIS BEACH PLLC, BUFFALO (JASON T. BRITT OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered March 9, 2017. The order, insofar as appealed from, granted that part of defendants' motion seeking summary judgment dismissing the complaint to the extent that the complaint, as amplified by the supplemental bill of particulars, alleges that defendants' alleged negligence was a proximate cause of plaintiff's September 9, 2013 fall. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, that part of the motion with respect to the 2013 injury is denied and the complaint, as amplified by the supplemental bill of particulars, is reinstated to that extent.
Memorandum: Plaintiff commenced this action seeking damages arising from the alleged negligent care and treatment she received while she was an inpatient at defendant Garden Gate Health Care Facility (Garden Gate) in November 2008. Plaintiff alleged that defendants' care and treatment caused her to develop foot sores requiring hospitalization in December 2008 as well as subsequent treatment because the foot sores never fully resolved, and she alleged that she fractured her right femur when she tripped and fell in 2013 as a result of the continuing treatment related to her foot sores. Defendants moved for summary judgment dismissing the complaint, and Supreme Court granted the motion in part, dismissing the complaint, as amplified by the supplemental bill of particulars, to the extent that it related to the 2013 injury and to the extent that plaintiff sought punitive damages. Plaintiff, as limited by her brief, challenges only that part of the order concerning the 2013 injury.
We agree with plaintiff that the court erred in granting that part of defendants' motion with respect to the 2013 injury. Although defendants met their initial burden by submitting an expert's affidavit establishing that any negligence by defendants was not a proximate cause of the 2013 fall, plaintiff raised triable issues of fact to defeat the motion (see Selmensberger v Kaleida Health, 45 AD3d 1435, 1435-1436 [4th Dept 2007]; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Plaintiff submitted the affidavit of a physician who averred that the foot sores developed while she was an inpatient at Garden Gate, as a result of defendants' negligent care and treatment. Moreover, he averred that plaintiff underwent continuous treatment due to those injuries and it was that treatment that ultimately caused the fall and subsequent injuries in 2013. We thus conclude that "[t]he motion papers presented a credibility battle between the parties' experts, and issues of credibility are properly left to a jury for its resolution" of those issues (Barbuto v Winthrop Univ. Hosp., 305 AD2d 623, 624 [2d Dept 2003]).
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court