Macancela v Wyckoff Hgts. Med. Ctr. (2019 NY Slip Op 07244)





Macancela v Wyckoff Hgts. Med. Ctr.


2019 NY Slip Op 07244


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2018-04589
 (Index No. 506005/13)

[*1]Lilia Macancela, etc., et al., plaintiffs-respondents,
v
Wyckoff Heights Medical Center, defendant third- party plaintiff-respondent, et al., defendants, Puneet Basi, defendant-appellant; George Bakston, etc., et al., third-party defendants, Ramon Cabanas, etc., third-party defendant-appellant.


Kaufman Borgeest & Ryan, LLP, Valhalla, NY (Jacqueline Mandell and David Bloom of counsel), for defendant-appellant.
Kerley, Walsh, Matera & Cinquemani, P.C., Seaford, NY (Lauren B. Bristol of counsel), for third-party defendant-appellant.
Mark L. Bodner, P.C., New York, NY (Brian J. Shoot of counsel), for plaintiffs-respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendant Puneet Basi appeals from an order of the Supreme Court, Kings County (Gloria M. Dabiri, J.), dated February 23, 2018, and the third-party defendant Ramon Cabanas separately appeals from the same order. The order, insofar as appealed from by the defendant Puneet Basi, denied that defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. The order, insofar as appealed from by the third-party defendant Ramon Cabanas, denied that third-party defendant's motion for summary judgment dismissing the third-party complaint insofar as asserted against him.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Puneet Basi which was for summary judgment dismissing the cause of action alleging lack of informed consent insofar as asserted against him, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiffs' decedent, Clever M. Macancela, died at Wyckoff Heights Medical Center on January 6, 2012, as a result of bleeding complications after his liver was lacerated during gallbladder removal surgery. The plaintiffs commenced this action, inter alia, to recover damages for medical malpractice, wrongful death, and lack of informed consent against Wyckoff Heights Medical Center and Puneet Basi, among others. The plaintiffs alleged that Basi, who was a medical doctor working for Wyckoff Heights Medical Center as a fourth-year gastroenterology fellow at the time of the decedent's surgery, negligently failed to re-test the decedent's blood coagulation profile and treat the decedent for coagulopathy prior to his surgery. Wyckoff Heights Medical Center commenced a third-party action against, among others, Ramon Cabanas, a medical doctor who had signed certain medical notes prepared by the residents and fellows who examined and treated the decedent.
Basi moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, and Cabanas moved for summary judgment dismissing the third-party complaint insofar as asserted against him. In an order dated February 23, 2018, the Supreme Court, inter alia, denied both motions. Basi and Cabanas separately appeal.
"In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (Stukas v Streiter, 83 AD3d 18, 23; see Hutchinson v New York City Health & Hosps. Corp., 172 AD3d 1037, 1039). Thus, in moving for summary judgment, a physician defendant must establish, prima facie, "either that there was no departure or that any departure was not a proximate cause of the plaintiff's injuries" (Lesniak v Stockholm Obstetrics & Gynecological Servs., P.C., 132 AD3d 959, 960; see Stukas v Streiter, 83 AD3d at 23). Once this showing has been made, the burden shifts to the plaintiff to rebut the defendant's prima facie showing with evidentiary facts or materials so as to demonstrate the existence of a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Stukas v Streiter, 83 AD3d at 30).
"When supervised medical personnel are not exercising their independent medical judgment, they cannot be held liable for medical malpractice unless the directions from the supervising superior or doctor so greatly deviates from normal medical practice that they should be held liable for failing to intervene" (Bellafiore v Ricotta, 83 AD3d 632, 633; see Zhuzhingo v Milligan, 121 AD3d 1103, 1106).
Basi established his prima facie entitlement to summary judgment dismissing the causes of action sounding in medical malpractice and wrongful death and all cross claims insofar as asserted against him by submitting the affirmation of his expert, who opined that Basi did not deviate from accepted standards of care and that his care and treatment did not proximately cause the decedent's injuries and death (see Simpson v Edghill, 169 AD3d 737, 738; Pagano v Cohen, 164 AD3d 516, 517; Colletti v Deutsch, 150 AD3d 1196, 1197-1198). Moreover, Basi established, prima facie, that he could not be held liable for medical malpractice because, as a fourth-year gastroenterology fellow, he was not exercising independent medical judgment, and the directions from the attending physicians did not so greatly deviate from normal medical practice that Basi should have intervened in the treatment (see Bellafiore v Ricotta, 83 AD3d at 633). In opposition, however, the plaintiffs' expert raised a triable issue of fact as to whether Basi had a responsibility to exercise independent medical judgment, whether he deviated from good and accepted medical practice in failing to exercise independent medical judgment, whether he was obligated to intervene in the attending physicians' treatment of the decedent, and whether such deviations were a proximate cause of the decedent's injuries and death (see Jagenburg v Chen-Stiebel, 165 AD3d 1239, 1240; Hofsiss v Goodman, 128 AD3d 898, 900; cf. Zhuzhingo v Milligan, 121 AD3d 1103).
Summary judgment is not appropriate in a medical malpractice action where, as here, the parties adduce conflicting medical expert opinions, as such credibility issues can only be resolved by a jury (see Lampe v Neurological Surgery, P.C., 173 AD3d 996; Roye v Gelberg, 172 AD3d 1260; Hutchinson v New York City Health & Hosps. Corp., 172 AD3d at 1040). Accordingly, we agree with the Supreme Court's determination denying those branches of Basi's motion which were for summary judgment dismissing the causes of action sounding in medical malpractice and wrongful death and all cross claims insofar as asserted against him.
However, the Supreme Court should have granted the unopposed branch of Basi's motion which was for summary judgment dismissing the cause of action sounding in lack of informed consent insofar as asserted against him. Basi established, prima facie, that he had no duty to obtain the decedent's informed consent for surgery because he was not involved with the decedent's surgery (see Public Health Law § 2805-d). The plaintiffs failed to raise a triable issue of fact in opposition, as they did not oppose this branch of the motion (see Simpson v Edghill, 169 AD3d at 739).
We agree with the Supreme Court's determination denying Cabanas's motion for summary judgment dismissing the third-party complaint insofar as asserted against him. Cabanas established, prima facie, through his expert, that he was entitled to dismissal of the indemnification and contribution causes of action, because he was not involved in the decedent's treatment plan, [*2]surgery, or post-surgical treatment, and his conduct was not a proximate cause of the decedent's injuries and death (see Alvarez v Prospect Hosp., 68 NY2d at 326-327; Chin v Long Is. Coll. Hosp., 119 AD3d 833). In opposition, however, the plaintiffs' expert raised a triable issue of fact as to whether Cabanas deviated from good and accepted practice by failing to recommend repeat testing for and treatment of the decedent's blood coagulation problems in light of the notes prepared by the medical residents and fellows, and whether that deviation was a proximate cause of the decedent's injuries and death (see Reustle v Petraco, 155 AD3d 658). Contrary to Cabanas's contention, although the plaintiffs' expert opined outside his area of specialization, he established the requisite foundation tending to support the reliability of his opinion (see Simpson v Edghill, 169 AD3d at 738; Mustello v Berg, 44 AD3d 1018). In view of the conflicting medical opinions, we agree with the Supreme Court's denial of Cabanas's motion for summary judgment dismissing the third-party complaint insofar as asserted against him (see Reustle v Petraco, 155 AD3d at 660).
DILLON, J.P., LEVENTHAL, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court