Scott v New York City Hous. Auth. (2019 NY Slip Op 07689)





Scott v New York City Hous. Auth.


2019 NY Slip Op 07689


Decided on October 24, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2019

Friedman, J.P., Kapnick, Oing, Singh, JJ.


10181 302641/15

[*1] Nakia Scott, Plaintiff-Appellant,
v
New York City Housing Authority, Defendant-Respondent.


Pollack Pollack Isaac & DeCicco, LLP, New York (Christopher J. Soverow of counsel), for appellant.
Lester Schwab Katz & Dwyer, LLP, New York (John Sandercock of counsel), for respondent.



Order, Supreme Court, Bronx County (Llinét M. Rosado, J.), entered on or about July 23, 2018, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Summary judgment was properly granted in this action where plaintiff alleges that he was injured when he slipped and fell while descending an interior stairway in a building owned by defendant. The original notice of claim that was timely filed with defendant failed to provide it with the correct accident location as required by General Municipal Law § 50—e(2), and the photographs and plaintiff's 50-h hearing testimony failed to correct the mistake (see Atwater v County of Suffolk, 50 AD3d 713, 714-715 [2d Dept 2008], lv denied 11 NY3d 702 [2008]).
Although plaintiff testified at his 50-h hearing that the accident occurred at 535 Havemeyer and not 585 Randall Avenue as set forth in the original notice of claim, he also testified at his 50-h hearing that he fell in stairwell "B" as he descended the stairway, but could not recognize the location shown in the photographs (see Reyes v City of New York, 281 AD2d 235 [1st Dept 2001]). It was not until his deposition two years after the accident that he testified that stairwell "A" was where he fell. Since plaintiff never sought to amend his notice of claim pursuant to General Municipal Law § 50—e(6), defendant did not have to establish that it was prejudiced by the mistake (see Davis v New York City Tr. Auth., 117 AD3d 586, 587 [1st Dept 2014]).
Plaintiff's subsequent service of a corrected notice of claim that states that the accident happened at 535 Havemeyer Avenue in stairwell "A" is unavailing since that notice is a nullity because it was untimely and served without leave of court (see Bobko v City of New York, 100 AD3d 439 [1st Dept 2012]).
In any event, upon a search of the record, defendant is entitled to summary judgment on the merits. Defendant met its initial burden of demonstrating that it neither created the hazardous condition nor had actual or constructive notice of its existence. In response, plaintiff failed to create an issue of fact. His testimony was clear that he did not see the allegedly dangerous condition before his accident, nor did he aver that he or anyone else complained about the stairwell's condition prior to the accident.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 24, 2019
CLERK