Matter of Suraty v City of New York (2020 NY Slip Op 06273)





Matter of Suraty v City of New York


2020 NY Slip Op 06273


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-03039
2019-09282
 (Index No. 716118/18)

[*1]In the Matter of Alyse Suraty, appellant,
v
City of New York, et al., respondents.


Rosenbaum & Rosenbaum, P.C., New York, NY (Kevin S. Johnson of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Claude S. Platton and Jesse A. Townsend of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to deem a late notice of claim timely served nunc pro tunc, the petitioner appeals from (1) an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered January 24, 2019, and (2) an order of the same court entered June 13, 2019. The order entered January 24, 2019, denied the petition and, in effect, dismissed the proceeding. The order entered June 13, 2019, insofar as appealed from, denied that branch of the petitioner's motion which was for leave to renew the petition.
ORDERED that the order entered January 24, 2019, is affirmed; and it is further,
ORDERED that the order entered June 13, 2019, is affirmed insofar as appealed from;
and it is further,
ORDERED that one bill of costs is awarded to the respondents.
On April 22, 2018, the petitioner allegedly was injured when she tripped and fell on a sidewalk defect near a tree well in Queens. On October 9, 2018, beyond the 90-day statutory period, the petitioner served a notice of claim upon the City of New York and the City of New York Department of Parks and Recreation (hereinafter together the City) (see General Municipal Law § 50-e[1][a]). Two weeks later, the plaintiff commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to deem her late notice of claim timely served nunc pro tunc. By order entered January 24, 2019, the Supreme Court denied the petition and, in effect, dismissed the proceeding. Subsequently, the petitioner moved, among other things, for leave to renew the petition. In an order entered June 13, 2019, the court, inter alia, denied leave to renew. The petitioner appeals from both orders.
"Timely service of a notice of claim is a condition precedent to a lawsuit sounding in tort against a municipal entity" (Matter of Bermudez v City of New York, 167 AD3d 733, 733-734). "In determining whether to grant a petition for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the court must consider all relevant circumstances, including whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (3) the delay would substantially prejudice the public corporation in its defense on the merits" (Matter of Nadler v City of New York, 166 AD3d 618, 619). "Neither the presence nor absence of any one factor is determinative, although it is generally recognized that the question of whether the municipality timely acquired actual knowledge is of great importance" (Matter of Ashkenazie v City of New York, 165 AD3d 785, 785). "A petition for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc is addressed to the sound discretion of the court" (Matter of Nadler v City of New York, 166 AD3d at 620).
Here, the petitioner failed to establish that the City acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter (see Matter of Miskin v City of New York, 175 AD3d 684, 685). Under the circumstances of this case, the late notice of claim, rejected by the City as untimely, did not provide the City with actual knowledge of the essential facts constituting the petitioner's claim (see Matter of Galicia v City of New York, 175 AD3d 681, 683; Matter of Ashkenazie v City of New York, 165 AD3d at 786; Matter of Naar v City of New York, 161 AD3d 1081, 1083).
Furthermore, the petitioner did not demonstrate a reasonable excuse for the failure to serve a timely notice of claim. Contrary to the petitioner's contention, the failure of her former attorney to ascertain that the City was the party responsible for the alleged defect was attributable to a lack of due diligence in investigating the matter and did not constitute a reasonable excuse for the failure to serve a timely notice of claim (see Matter of Miskin v City of New York, 175 AD3d at 685). Accordingly, upon consideration of the balance of the relevant factors, the Supreme Court providently exercised its discretion in denying the petition and, in effect, dismissing the proceeding.
The Supreme Court providently exercised its discretion in denying that branch of the petitioner's motion which was for leave to renew the petition, as the new evidence submitted by the petitioner would not have changed the court's prior determination (see CPLR 2221[e][2]; Matter of Parker v New York City Hous. Auth., 81 AD3d 964, 966).
AUSTIN, J.P., COHEN, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court