OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
*979 This appeal presents the question whether plaintiff, an infant born with Down’s Syndrome, can recover from defendant hospitals the extraordinary expenses she will incur for special care and services upon reaching majority. The basis for her claim is that defendants negligently performed an amniocentesis test on her mother during pregnancy to determine whether the fetus had any genetic abnormality, and their erroneous report that the mother would give birth to a normal male child induced her to carry to term instead of aborting the fetus, resulting in plaintiff’s birth with a condition that will require special treatment throughout her lifetime. All other causes of action against defendants have been withdrawn, including the claims of plaintiff’s parents for damages, which were time-barred. While Special Term denied defendants’ motions to dismiss the infant’s cause of action, the Appellate Division reversed and dismissed the complaint, concluding, on the basis of Becker v Schwartz (46 NY2d 401), that there is no cause of action for wrongful life and that the life of one such as plaintiff, born in an impaired state, does not constitute injury to the infant.
We agree with the Appellate Division that, while otherwise denominated, plaintiff’s cause of action is in fact one for wrongful life, which is not legally cognizable in this State. Nor is there any anomaly or inconsistency in the fact that plaintiff’s parents might, if their own claim had been timely brought, have recovered their pecuniary expense for the care and treatment of their infant (Becker v Schwartz, 46 NY2d 401, 412-413, supra), although plaintiff herself cannot recover these same expenses after her majority. While plaintiff’s parents might have established a breach of duty flowing from defendants to them, which was the proximate cause of injury requiring them to assume increased obligations, plaintiff’s own cause of action — being one for her own wrongful life — does not allege any legally cognizable injury and “demands a calculation of damages dependent upon a comparison between the Hobson’s choice of life in an impaired state and nonexistence”, which the law is not equipped to make (Becker v Schwartz, supra, p 412). Plaintiff’s argument that recovery should be allowed simply as a matter of public policy is one more appropriately addressed to the Legislature than a court of law.
*980 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Simons and Kaye concur; Judge Meyer taking no part.
Order affirmed, with costs, in a memorandum.