OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
*808 In this "wrongful birth” action, the trial court properly held that plaintiff could not recover from the estate of defendant doctor the costs of those extraordinary expenses which plaintiff might incur for the continued support and special care of his son, born with thalassemia major, after the child reaches the age of 21. Under New York law, a parent has no legal obligation to continue the support of a child after majority, notwithstanding plaintiffs assertion of a moral obligation to do so in this case (see, e.g., Family Ct Act § 413 [1]; Domestic Relations Law § 32 [3]; Social Services Law § 101 [1]; and see, Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 413, pp 65-66; and see, 1966 NY Legis Ann, at 326-327 [Governor’s Message to Legislature, discussing L 1966, ch 256, entitled "Medical Assistance for Needy Persons”]). Thus, plaintiff may be compensated only in the amount that represents his legally cognizable injury, namely the increased financial obligation arising from the extraordinary medical treatment rendered the child during minority (see, Alquijay v St. Luke’s-Roosevelt Hosp. Center, 63 NY2d 978, 979; Becker v Schwartz, 46 NY2d 401, 413). The argument that public policy is better served by permitting plaintiff to recover the cost of his son’s postmajority extraordinary expenses is more appropriately addressed to the Legislature (see, Alquijay v St. Luke’s-Roosevelt Hosp. Center, 63 NY2d 978, 979, supra).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs, in a memorandum.