■ YOCASTA GERMOSEN, Respondent, et al., Plaintiff, v SUSHILA GUPTA, Appellant, et al., Defendants. [654 NYS2d 746] —Order of the Supreme Court, Bronx County (Stanley Green, J.), entered on or about June 7, 1996, which denied the motion of defendant Sushila Gupta, M.D., for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff-respondent seeks to recover for extraordinary care and treatment required by the infant plaintiff, born with a debilitating birth defect (*see, Becker v Schwartz*, 46 NY2d 401) that went undiscovered as a result of the alleged malpractice of defendant-appellant, Dr. Sushila Gupta. It is the doctor's position that, because the cost of the infant's treatment is paid by Medicaid, plaintiff-respondent mother has incurred no compensable medical expenses (Social Services Law § 104 [2]; §§ 104-b, 369 [2]; *Baker v Sterling*, 39 NY2d 397), and will incur none in the future.

This reasoning is circular. Defendant doctor concludes that the availability of Medicaid funding obviates the cost of future medical care to the parent. However, it is just as logical to state that the availability of judgment proceeds will obviate the necessity to impose the cost of the infant's future medical care directly upon Medicaid and indirectly upon the public at large.

The care and support of a child remains the responsibility of the parent. Medicaid is merely a secondary means of providing necessary medical care, which is furnished by the State in loco parentis. Nonetheless, the provision of necessaries remains the primary burden of the parent. As a matter of policy, defendant has advanced no reason why such cost should be borne as a public expense where judgment may be recovered against the culpable party. The availability of Medicaid should not operate to preclude recovery against the tortfeasor any more than the availability of health insurance under similar circumstances. Concur—Nardelli, J. P., Rubin, Mazzarelli and Andrias, JJ.