■ ANN M. DEPEIGNE, Appellant, v MEDICAL CENTER AND MEDICAL AND HEALTH RESEARCH ASSOCIATION OF NEW YORK CITY, INC., Doing Business as MATERNITY INFANT CARE, Respondent. [674 NYS2d 14] —Judgment, Supreme Court, New York County (Robert Lippmann, J.), entered October 15, 1996, which, in a medical malpractice action for "wrongful birth", granted defendant's trial motion for judgment as a matter of law, unanimously affirmed, without costs.

The action was properly dismissed for lack of proof bearing upon plaintiff's "only * * * legally cognizable injury, namely the increased financial obligation arising from the extraordinary medical treatment rendered the child during minority" (*Bani-Esraili v Lerman*, 69 NY2d 807, 808). The only evidence offered on the question of plaintiff's daughter's needs was plaintiff's testimony that her daughter attends a school with a special education program, receives speech therapy and mobility training, needs assistance in daily activities, and has a babysitter after school whom plaintiff pays. No questions were put to plaintiff's expert medical witness concerning the nature, extent and cost of the child's present and future medical care and treatment necessitated by her blindness, the entire examination being limited to the issue of liability (*see, Buggs v Veterans Butter & Egg Co.*, 120 AD2d 361). Nor did plaintiff submit proof of any financial obligations actually incurred, such as doctor bills or invoices for special equipment. Even the

babysitter cost was not necessarily connected to the child's blindness, given plaintiff's testimony that she had hired a baby-sitter for her other children when they were the same age. The testimony of plaintiff's expert economist did not fill in these foundational gaps in plaintiff's medical proof, and his testimony as to the costs involved in raising a blind child was properly stricken as both deficient and speculative. We agree with the trial court that the needs of a blind child are not obvious, and is a subject that should not go to a jury without expert testimony. Concur—Milonas, J. P., Wallach, Tom, Mazzarelli and Saxe, JJ.