■ PATRICIA MICKENS et al., Appellants, v ANITA P. LASALA et al., Respondents, et al., Defendant. [779 NYS2d 115]—

In an action to recover damages for medical malpractice, the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Spodek, J.), dated March 7, 2003, which granted the motion of the defendant Anita Parnes LaSala, and the separate motion of the defendants Park Avenue Radiologists, P.C., and Morton Jaffe, for summary judgment dismissing the complaint insofar as asserted against them, and (2) a judgment of the same court dated April 16, 2003, entered upon the order.

Ordered that the appeal from the order is dismissed; and it is further, .

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right of appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiffs allege that the defendant health care providers committed malpractice in failing to diagnose their son Noah with Down's syndrome while in utero. Noah was born March 12, 2000. The plaintiffs seek to recover the extraordinary expenses they will incur to meet the special needs of raising their son. The defendants Dr. Anita Parnes LaSala, Dr. Morton Jaffe, and Park Avenue Radiologists, P.C. (hereinafter collectively the defendants), moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiffs have not incurred, and will not incur, extraordinary expenses. The Supreme Court granted the motions and we affirm.

While no cause of action may be maintained on behalf of an infant for "wrongful life," i.e., that but for the negligence of the defendant he or she would never have been born, a parent may maintain a claim for "the increased financial obligation arising from the extraordinary medical treatment rendered the child during minority" (*Bani-Esraili v Lerman*, 69 NY2d 807, 808 [1987]). However, damages cannot be based on mere speculation, conjecture, or surmise and, when sought in the form of extraordinary expenses related to caring for a disabled child, must be necessitated by and causally connected to the child's condition (*see DePeigne v Medical Ctr. & Med. & Health Research Assn. of N.Y. City*, 251 AD2d 47 [1998]).

The defendants satisfied their initial burden of demonstrating their prima facie entitlement to judgment as a matter of law by tendering evidence in admissible form (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]), establishing that Noah is generally in good physical health, and that his educational and developmental needs will be provided for at no cost, under government programs such as those available pursuant to the Individuals with Disabilities Education Act (20 USC § 1400 *et seq.*). Therefore the plaintiffs will not necessarily incur any increased financial obligations arising from extraordinary medical or educational treatment that Noah has required or will require by reason of his disability.

In opposition, the plaintiffs failed to lay bare their proof to establish the existence of a triable issue of fact to defeat the motion (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *DePeigne v Medical Ctr. & Med. & Health Research Assn. of N.Y. City, supra*). Indeed, the plaintiffs failed to submit proof of any financial obligation incurred to date for any extraordinary medical or educational expense for Noah's benefit; he currently attends programs at no cost to the plaintiffs. The incidental expenses incurred, inter alia, for a part-time nanny and for a family automobile do not "aris[e] from the extraordinary medical treatment rendered" on Noah's behalf (*Bani-Esraili v Lerman, supra* at 808; *DePeigne v Medical Ctr. & Med. & Health Research Assn. of N.Y. City, supra*). Nor did the plaintiffs adduce expert testimony from a social worker or any other knowledgeable health care provider to identify any programs Noah might need which are not available at public expense, or how any comparable private programs might be superior for a child with Noah's predicted abilities or disabilities. Although the affidavit of Noah's pediatrician established that Noah will have special needs, it did not establish that those needs cannot be satisfactorily satisfied through the programs available at no cost to the plaintiffs. Accordingly, the Supreme Court properly granted the motions. Santucci, J.P., S. Miller, Schmidt and Fisher, JJ., concur.