■ Maria Mercado, Appellant, v The Institute for Urban Family Health, Respondent. [835 NYS2d 87]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered January 10, 2006, which, inter alia, granted plaintiff's motion insofar as it sought renewal, but upon renewal adhered to the prior order granting defendant's motion for summary judgment and denying plaintiff's motion for leave to amend the complaint, unanimously modified, on the law, to deny defendant's motion for summary judgment, and otherwise affirmed, without costs.

Defendant was not entitled to summary judgment dismissing plaintiff's cause of action to recover the extraordinary expenses of caring for a child with Down's Syndrome. The contention, now reiterated by defendant, that such expenses may not be recovered from a tortfeasor when they are covered by government aid programs, was specifically rejected by this Court in *Germosen v Gupta* (237 AD2d 121 [1997]), where we held that "[t]he availability of Medicaid should not operate to preclude recovery against the tortfeasor any more than the availability of health insurance under similar circumstances." We noted as well that "such cost should not be borne as a public expense

where judgment may be recovered against the culpable party" (*id.*). Defendant misconstrues *Germosen* to permit recovery only where some extraordinary expenses are not covered by government aid. Moreover, even if defendant's construction of *Germosen* were correct, summary judgment dismissing plaintiff's claim for extraordinary expenses would still be inappropriate given the admissible evidence showing that the services, treatments and equipment that are and will be necessary for plaintiff's daughter's care are not completely covered by available government programs.

We have considered, and reject, defendant's arguments to the effect that plaintiff's appeal is not properly before us. Concur—Andrias, J.P., Saxe, Marlow, Nardelli and Williams, JJ.