■ Diana Kubik et al., Respondents, v Thomas P. Erhart et al., Defendants, and Thomas P. Erhart, P.C., et al., Appellants. [911 NYS2d 456]—

In an action to recover damages for medical malpractice, etc., the defendants Thomas P. Erhart and Thomas P. Erhart, P.C., appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Rebolini, J.), dated June 18, 2009, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

In the instant action, the plaintiffs, who are parents of a severely disabled child, allege that the appellants committed medical malpractice in failing to properly diagnose the child's condition in utero and advise them of their options, resulting in their failure to terminate the pregnancy. The gravaman of the plaintiffs' cause of action is pecuniary loss arising from extraordinary costs incurred in raising a severely disabled child. Their damages are limited to extraordinary expenses incurred by them, over and above expenses in caring for a nondisabled child; the child has no cause of action to recover for his medical expenses (*see Alquijay v St. Luke's-Roosevelt Hosp. Ctr.*, 63 NY2d 978, 979 [1984]).

On the question of whether the parents incurred extraordinary expenses resulting in pecuniary loss to them, the appellants established their prima facie entitlement to judgment as a matter of law based upon evidence that the parents' expenses were covered by private insurance and government programs. Since the plaintiffs' recovery is limited to their personal pecuniary loss, expenses covered by other sources, such as private insurance or public programs, are not recoverable by them (*see Mickens v LaSala*, 8 AD3d 453 [2004]; *but see Foote v Albany Med. Ctr. Hosp.*, 71 AD3d 25 [2009]; *Mercado v Institute for Urban Family Health*, 39 AD3d 409 [2007]). There is no basis for this Court to abandon the position taken in *Mickens v LaSala* (8 AD3d 453 [2004]), that expenses covered by other sources are not recoverable.

However, this case is distinguishable from *Mickens v LaSala* (*id.*) since there is evidence in the record which raises a triable issue of fact as to whether the child's extraordinary special needs caused the parents to incur extraordinary expenses, such as increased utility bills, and the cost of special equipment,

which were not reimbursed by other sources (*see Mercado v Institute for Urban Family Health*, 39 AD3d at 410). In view of the foregoing, summary judgment was properly denied.

The parties' remaining contentions are without merit or need not be addressed in light of our determination. Rivera, J.P., Chambers, Austin and Sgroi, JJ., concur.