[944 NE2d 1111, 919 NYS2d 472]

KRISTI FOOTE et al., Respondents, v ALBANY MEDICAL CENTER HOSPITAL et al., Appellants, et al., Defendant.

Argued January 4, 2011; decided February 15, 2011

**POINTS OF COUNSEL**

*Heidell, Pittoni, Murphy & Bach, LLP,* New York City (*Daniel S. Ratner* and *Daryl Paxson* of counsel), *Petrone & Petrone, P.C.,* Buffalo, for Birth & Beyond Midwifery Practice of Oneonta, PLLC and another, *Maynard, O'Connor, Smith & Catalinotto, LLP,* Albany (*Robert A. Rausch* of counsel), for Albany Medical Center Hospital and others and *Brown & Tarantino, LLC,* White Plains (*Katherine W. Dandy* of counsel), for Brian S. Evanczyk and another, appellants. I. Defendants were entitled to summary judgment because plaintiffs did not establish an increased financial obligation arising from the extraordinary medical treatment needed for their son. (*Becker v Schwartz,* 46 NY2d 401; *Park v Chessin,* 46 NY2d 401; *Johnson v Yeshiva Univ.,* 42 NY2d 818; *Alquijay v St. Luke's-Roosevelt Hosp. Ctr.,* 63 NY2d 978; *O'Toole v Greenberg,* 64 NY2d 427; *Deobold v Oppermann,* 111 NY 531; *Bani-Esraili v Lerman,* 69 NY2d 807; *Inchaustegui v 666 5th Ave. Ltd. Partnership,* 96 NY2d 111; *Oden v Chemung County Indus. Dev. Agency,* 87 NY2d 81; *Kihl v Pfeffer,* 47 AD3d 154.) II. Plaintiffs should be limited to recovering their reasonable and necessary expenses incurred in raising their disabled child, not for "optimal" care. Dr. Carfi's otherwise conclusory and speculative opinion did not establish a triable issue of fact. (*Martin v Dierck Equip. Co.,* 43 NY2d 583; *Becker v Schwartz,* 46 NY2d 401; *Askey v Occidental Chem. Corp.,* 102 AD2d 130;

*DuPont v State of New York*, 19 Misc 3d 1144[A], 2008 NY Slip Op 51160[U]; *Romano v Stanley*, 90 NY2d 444; *Di Sanza v City of New York*, 11 NY3d 766; *Franchini v Palmieri*, 1 NY3d 536; *Diaz v New York Downtown Hosp.*, 99 NY2d 542; *Frey v Chester E. Smith & Sons, Inc.*, 751 F Supp 1052; *Caruso v LeFrois Bldrs.*, 217 AD2d 256.)

*Powers & Santola, LLP*, Albany (*Michael J. Hutter* of counsel), for respondents. I. Plaintiffs have properly pleaded a wrongful birth cause of action and the existence of sources of compensation pursuant to applicable government programs for their damages recoverable for its successful prosecution does not, as a matter of law, require its dismissal. (*Becker v Schwartz*, 46 NY2d 401; *Park v Chessin*, 46 NY2d 401; *Bani-Esraili v Lerman*, 69 NY2d 807; *Miller v Rivard*, 180 AD2d 331; *Alquijay v St. Luke's-Roosevelt Hosp. Ctr.*, 63 NY2d 978; *Ciceron v Jamaica Hosp.*, 264 AD2d 497; *Sorkin v Lee*, 78 AD2d 180; *Inchaustegui v 666 5th Ave. Ltd. Partnership*, 96 NY2d 111; *Oden v Chemung County Indus. Dev. Agency*, 87 NY2d 81; *O'Toole v Greenberg*, 64 NY2d 427.) II. Plaintiffs may obtain as damages their increased financial obligations arising from the extraordinary medical care and treatment due their child that defendants necessitated even if governmental assistance programs will provide for that care and treatment. (*Becker v Schwartz*, 46 NY2d 401; *Kuppersmith v Dowling*, 93 NY2d 90; *Oxenhorn v Fleet Trust Co.*, 94 NY2d 110; *Cricchio v Pennisi*, 90 NY2d 296; *Calvanese v Calvanese*, 93 NY2d 111; *Matter of Cooke Ctr. for Learning & Dev. v Mills*, 19 AD3d 834; *Board of Ed. of Hendrick Hudson Central School Dist., Westchester Cty. v Rowley*, 458 US 176; *Matter of Fogel v Perales*, 135 AD2d 884, 71 NY2d 802; *Andree ex rel. Andree v County of Nassau*, 311 F Supp 2d 325; *Inchaustegui v 666 5th Ave. Ltd. Partnership*, 96 NY2d 111.) III. Assuming, arguendo, that plaintiffs' cause of action for their extraordinary expenses may be dismissed if the pertinent government programs available for their child's medically necessary extraordinary care and treatment will fund this care and treatment, defendants' summary judgment motions must be denied as defendants' proof failed to establish, as it must, that these programs will in fact completely fund such care and treatment; or, alternatively, plaintiffs' proof sufficed to raise a triable issue of fact that their child's medically necessary care and treatment would not be entirely funded by these programs. (*Alvarez v Prospect Hosp.*, 68 NY2d 320; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851; *Wiwigac v Snedaker*, 282 AD2d 801; *Offman v Singh*, 27 AD3d 284; *South v K-Mart*

*Corp.*, 24 AD3d 748; *Diaz v New York Downtown Hosp.*, 99 NY2d 542; *Hranek v United Methodist Homes of Wyo. Conference*, 27 AD3d 879.)

**OPINION OF THE COURT**

CIPARICK, J.

Plaintiffs Kristi Foote and Tim Sheridan are the parents of a child born in August 2003 with Joubert Syndrome, a neurological disorder causing abnormalities in brain development and function and resulting in developmental and behavioral deficits. After the child's birth, plaintiffs commenced this medical malpractice "wrongful birth" action (*see Becker v Schwartz*, 46 NY2d 401, 409 [1978]) against numerous medical providers who allegedly failed to detect and/or failed to inform them of the abnormal cerebellar development of the fetus. Plaintiffs allege that steps would have been taken to terminate the pregnancy had they been properly informed. They seek damages for the extraordinary expenses involved in caring for their severely disabled child, including medical treatment and supplies, surgical treatment, physical therapy, vision therapy, occupational therapy, a home health aide, and special educational services.

Defendants moved for summary judgment dismissing the complaint, submitting expert affidavits stating that the extraordinary expenses necessary for the child's care have been and will continue to be completely covered by certain enumerated governmental programs. In opposition to defendants' motion, plaintiffs submitted the affirmation of Dr. Joseph Carfi, M.D., who prepared a "life care plan" and report detailing the care required for the child. According to Dr. Carfi, the government programs referenced by defendants' experts provided only a "minimum level of services" so as to create a "basic floor of opportunity." Dr. Carfi also took the position that "optimal care" for the child required more services than those provided by government programs and, as a result, plaintiffs had or would be forced to bear out-of-pocket expenses related to the child's special medical and educational needs. Supreme Court granted defendants' motion for summary judgment, concluding that plaintiffs had failed to raise a triable issue of fact as to whether they had or would incur extraordinary expenses in providing for the medical and educational care of their son (19 Misc 3d 1142[A], 2008 NY Slip Op 51138[U]).

On plaintiffs' appeal, the Appellate Division unanimously reversed (*see Foote v Albany Med. Ctr. Hosp.*, 71 AD3d 25 [3d Dept

2009]). Although it agreed that most of plaintiffs' expenses in caring for the child had been and would continue to be covered under government programs, the Appellate Division concluded that the aid received by plaintiffs for such programs would, under the statutory collateral source rule, merely serve to offset any award of damages made after trial (*see id.* at 28). The Appellate Division also concluded that Dr. Carfi's "affirmation, report and life-care plan, which distinguish between the 'basic floor' of services provided by public education and the level necessary to meet all of the son's needs, [were] sufficient to raise a question of fact" for trial (*id.*). Because Supreme Court had not considered defendants' alternative basis for summary judgment—that plaintiffs could not establish a deviation from the applicable standard of medical care—the Appellate Division remitted for consideration of that issue.

The Appellate Division granted defendants leave to appeal and certified a question inquiring whether it erred, "as a matter of law, in reversing . . . the order of the Supreme Court . . . and remitting the matter to Supreme Court for further proceedings." We now affirm and answer the certified question in the negative.

In *Bani-Esraili v Lerman* (69 NY2d 807 [1987]), we explained that, in a "wrongful birth" action, the parents' "legally cognizable injury" is "the increased financial obligation arising from the extraordinary medical treatment rendered the child during minority" (*id.* at 808; *see also Alquijay v St. Luke's-Roosevelt Hosp. Ctr.*, 63 NY2d 978, 979 [1984]; *Becker*, 46 NY2d at 413). Here, the Appellate Division properly concluded that defendants' motion for summary judgment should have been denied. Dr. Carfi's life care plan, report and affirmation are sufficient to demonstrate the existence of a triable factual issue whether plaintiffs have or will incur extraordinary financial obligations relating to the care of their son. In particular, a question of fact exists whether there is a difference between the resources provided by government programs and the extraordinary medical and other treatment or services necessary for the child during minority. We thus agree with the Appellate Division that "[t]he existence of government programs . . . will not, as a matter of law, eliminate plaintiffs' financial obligation for their son's extraordinary medical and educational expenses" (*Foote*, 71 AD3d at 29 [citations omitted]).

In light of our conclusion, we need not reach and express no opinion about the additional ground for denial of the motion for

summary judgment, set forth by the Appellate Division, that, pursuant to the statutory collateral source rule (*see* CPLR 4545 [a]), "the availability of another source of compensation does not obviate" plaintiffs' injury but, instead, can only offset any damages awarded after trial (*Foote*, 71 AD3d at 28). That issue, along with issues pertaining to liens, if any, and the underlying medical malpractice issues remain open for consideration by Supreme Court.

Accordingly, the order of the Appellate Division should be affirmed, with costs, and the certified question answered in the negative.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed, etc.