■ MEREDITH MAYZEL et al., Respondents, v MICHAEL MORETTI et al., Appellants, et al., Defendants. [962 NYS2d 656]—

In an action to recover damages for medical malpractice, the defendant Michael Moretti appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (McMahon, J.), dated November 4, 2011, as denied his second motion for summary judgment dismissing the complaint insofar as asserted against him, and the defendant Richmond University Medical Center separately appeals, as limited by its brief, from so much of the same order as denied that branch of its motion which was for summary judgment dismissing so much of the complaint as alleged that it was vicariously liable for the alleged medical malpractice of the defendant Michael Moretti.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the second motion of the defendant Michael Moretti for summary judgment dismissing the complaint insofar as asserted against him is granted, and that branch of the motion of the defendant Richmond University Medical Center which was for summary judgment dismissing so much of the complaint as alleged that it was vicariously liable for the alleged medical malpractice of the defendant Michael Moretti is granted.

The plaintiffs allege that the defendant Michael Moretti committed medical malpractice by failing to detect evidence of arterial septal defect on a sonogram of their son performed in utero on June 16, 2008, and in failing to recommend further testing which would have revealed that he suffered from a form of Trisomy 9, a chromosomal disorder which results in dysmor-

phisms in the skull and nervous system, and mental retardation. The plaintiffs seek to recover certain allegedly extraordinary expenses they will incur to meet their son's special needs.

Moretti and the defendant Richmond University Medical Center (hereinafter RUMC) separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court, inter alia, denied Moretti's second motion, and denied that branch of RUMC's motion which was for summary judgment dismissing so much of the complaint as alleged that it was vicariously liable for Moretti's alleged medical malpractice.

Although a child with a disability may not maintain a wrongful life cause of action, the child's parents may, under certain circumstances, maintain a cause of action on their own behalf to recover the extraordinary costs incurred in raising the child (*see Becker v Schwartz*, 46 NY2d 401, 411-412 [1978]; *DeChico v Northern Westchester Hosp. Ctr.*, 73 AD3d 838, 840 [2010]). To succeed on such a cause of action, which "sound[s] essentially in negligence or medical malpractice," the plaintiffs "must demonstrate the existence of a duty, the breach of which may be considered the proximate cause of the damages suffered by" them (*Becker v Schwartz*, 46 NY2d at 410). Specifically, the parents must establish that malpractice by a defendant physician deprived them of the opportunity to terminate the pregnancy within the legally permissible time period, or that the child would not have been conceived but for the defendant's malpractice (*see id.*; *DeChico v Northern Westchester Hosp. Ctr.*, 73 AD3d at 840). Further, the claimed damages cannot be based on mere speculation, conjecture, or surmise, and, when sought in the form of extraordinary expenses related to caring for a disabled child, must be necessitated by and causally connected to the child's condition (*see Mickens v LaSala*, 8 AD3d 453 [2004]). The "parents' 'legally cognizable injury' is 'the increased financial obligation arising from the extraordinary medical treatment rendered the child during minority' " (*Foote v Albany Med. Ctr. Hosp.*, 16 NY3d 211, 215 [2011], quoting *Bani-Esraili v Lerman*, 69 NY2d 807, 808 [1987]). Since the parents' recovery is limited to their personal pecuniary loss, expenses covered by other sources such as private insurance or public programs are not recoverable (*see Kubik v Erhart*, 78 AD3d 905 [2010]; *Mickens v LaSala*, 8 AD3d at 453).

Here, Moretti and RUMC satisfied their initial burden of demonstrating their prima facie entitlement to judgment as a matter of law by presenting affidavits from medical experts establishing that Moretti did not depart from the applicable

standard of care in interpreting the sonogram, and by tendering evidence in admissible form establishing that the plaintiffs' son's medical and developmental needs have been and continue to be paid for by Medicaid at no cost to the plaintiffs (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Mickens v LaSala*, 8 AD3d at 453).

In opposition, the submission of the plaintiffs' expert physicians raised a triable issue of fact as to a departure by Moretti by establishing that he should have detected evidence of arterial septal defect in the sonogram and recommended further tests, and that these additional tests would have revealed the plaintiffs' son's condition in utero, giving the plaintiffs an opportunity to terminate the pregnancy.

However, as to damages, the plaintiffs presented only conclusory evidence that they will sustain a legally cognizable injury as a result of their son's birth. It is undisputed that the plaintiffs' son has been a resident of skilled nursing facilities since he was discharged from the hospital following his birth, and Medicaid has paid and continues to pay for all of his care and treatment. The plaintiffs offered no proof that any of their son's medical or developmental needs are not being appropriately met at the facility where he currently resides. Although the plaintiffs express a generalized desire for their son to live at home, they have taken no demonstrable steps toward preparing to remove him from his current facility, and have not formulated a definite plan to care for him at home. Among other things, the plaintiffs offered no evidence of the potential cost of renovating their home in Florida to accommodate their son. In the absence of any evidence that the plaintiffs actually intend to care for their son at home in the future, the expert opinion of a registered nurse, who prepared a "life care plan" for him, that the plaintiffs would incur extraordinary expenses in caring for their son if he were to live at home, was speculative and conclusory and, thus, insufficient to raise a triable issue of fact in opposition to the motions (*see Arredondo v Valente*, 94 AD3d 920 [2012]). The speculative nature of the life care plan proffered by the plaintiffs' expert nurse distinguishes this case from *Foote v Albany Med. Ctr. Hosp.* (16 NY3d at 211). In *Foote*, where the severely disabled child lived at home, the Court of Appeals concluded that the life care plan set forth by the plaintiffs' expert was sufficient to demonstrate the existence of a triable issue of fact as to whether the plaintiffs had or would incur extraordinary expenses in caring for their son because it raised an issue of fact as to "whether there is a difference between the

resources provided by government programs and the extraordinary medical and other treatment or services necessary for the child during minority" (*id*. at 215).

Accordingly, the Supreme Court should have granted Moretti's second motion for summary judgment dismissing the complaint insofar as asserted against him, and that branch of RUMC's motion which was for summary judgment dismissing so much of the complaint as alleged that RUMC was vicariously liable for Moretti's alleged medical malpractice. Mastro, J.P., Austin, Cohen and Miller, JJ., concur.