John v De Vivo (2020 NY Slip Op 00542)





John v De Vivo


2020 NY Slip Op 00542


Decided on January 28, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2020

Friedman, J.P., Webber, Kern, González, JJ.


10896 805256/17

[*1] Stanley John, et al., Plaintiffs-Appellants,
v
Darryl C. De Vivo, M.D., et al., Defendants-Respondents, Moris Angulo, M.D., et al., Defendants.


Jonathan C. Reiter Law Firm, PLLC, New York (Jonathan C. Reiter of counsel), for appellants.
Bartlett LLP, Garden City (Robert G. Vizza of counsel), for respondents.



Order, Supreme Court, New York County (Judith N. McMahon, J.), entered December 10, 2018, which granted defendants-respondents' motion to dismiss the causes of action asserted on behalf of infant plaintiff A.D.J., unanimously affirmed, without costs.
To the extent the complaint alleges that if plaintiffs had known that their subsequent children would be afflicted with the same condition as the infant A.J., they would not have conceived A.D.J. or would have had A.D.J. genetically screened for abnormalities before he was carried to term, it fails to state a cause of action on behalf of A.D.J. because an impaired infant
has no claim for wrongful life or wrongful birth (Alquijay v St. Luke's-Roosevelt Hosp. Ctr., 63 NY2d 978 [1984]; B.F. v Reproductive Medicine Assoc. of N.Y., LLP, 136 AD3d 73, 76 [1st Dept 2015], affd 30 NY3d 608 [2017]). To the extent plaintiffs argue that A.D.J.'s causes of action are actually predicated on the theory that the advice that defendants gave to plaintiffs led directly to the delayed diagnosis and treatment of A.D.J.'s condition, and its consequent progression and worsening, the theory does not establish a malpractice cause of action, because defendants did not owe A.D.J. a duty when treating his older brother years before A.D.J. was conceived and born (see Enright v Eli Lilly & Co., 77 NY2d 377, 389 [1991], cert denied 502 US 868 [1991], citing Albala v City of New York, 54 NY2d 269 [1981]). Under the circumstances, defendants who treated A.D.J.'s older
brother owed no duty of care to A.D.J. (cf. Tenuto v Lederle Labs., Div. of Am. Cyanamid Co., 90 NY2d 606, 612 [1997] [physician's duty of care expanded to nonpatient father whose infant received live polio vaccine but who was not advised of risks to himself of possible infection from vaccine]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 28, 2020
CLERK