Vasiu v Berg (2021 NY Slip Op 01798)





Vasiu v Berg


2021 NY Slip Op 01798


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-09209
 (Index No. 700875/15)

[*1]Elizabeth Vasiu, et al., appellants, 
v
Robert Berg, etc., et al., respondents, et al., defendants.


Sanocki, Newman & Turret, LLP, New York, NY (David B. Turret and Joshua Fogel of counsel), for appellants.
McAloon & Friedman, P.C., New York, NY (Gina Bernardi DiFolco of counsel), for respondents Robert Berg and Arcadia OB/GYN, P.C.
Peter C. Kopff, LLC, Garden City, NY (Sarah H. Baker and Kimberly K. Ohrn of counsel), for respondent Peter Kratka.



DECISION & ORDER
In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered July 19, 2017. The order, insofar as appealed from, granted those branches of the separate motions of the defendants Robert Berg and Arcadia OB/GYN, P.C., and the defendant Peter Kratka which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and those branches of the separate motions of the defendants Robert Berg and Arcadia OB/GYN, P.C., and the defendant Peter Kratka which were for summary judgment dismissing the complaint insofar as asserted against each of them are denied.
The plaintiffs, who are the parents of a severely disabled child, commenced this action against, among others, the defendants Robert Berg and Arcadia OB/GYN, P.C. (hereinafter Arcadia), and the defendant Peter Kratka, alleging that they committed medical malpractice in failing to properly diagnose the child's various medical conditions in utero and advise the plaintiffs of their options. The plaintiffs seek to recover their pecuniary loss arising from the extraordinary costs of raising a child with severe disabilities. Berg and Arcadia moved, and Kratka separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court, among other things, granted those branches of their motions. The plaintiffs appeal.
Parents may maintain a cause of action on their own behalf for the extraordinary costs incurred in raising a child with a disability (see Becker v Schwartz, 46 NY2d 401, 411-413; Mayzel v Moretti, 105 AD3d 816; DeChico v Northern Westchester Hosp. Ctr., 73 AD3d 838, 840). "To succeed on such a cause of action, which 'sound[s] essentially in negligence or medical malpractice,' [a plaintiff] 'must demonstrate the existence of a duty, the breach of which may be considered the proximate cause of the damages suffered by' [the injured party]" (Mayzel v Moretti, 105 AD3d at 817, quoting Becker v Schwartz, 46 NY2d at 410; see B.F. v Reproductive Medicine Assoc. of N.Y., LLP, 30 NY3d 608, 614). "Specifically, the parents must establish that malpractice by a defendant physician deprived them of the opportunity to terminate the pregnancy within the legally permissible [*2]time period, or that the child would not have been conceived but for the defendant's malpractice" (Mayzel v Moretti, 105 AD3d at 817; see Becker v Schwartz, 46 NY2d at 410; DeChico v Northern Westchester Hosp. Ctr., 73 AD3d at 840). "[T]he claimed damages cannot be based on mere speculation, conjecture, or surmise, and, when sought in the form of extraordinary expenses related to caring for a disabled child, must be necessitated by and causally connected to the child's condition" (Mayzel v Moretti, 105 AD3d at 817; see Mickens v LaSala, 8 AD3d 453). "Since the plaintiffs' recovery is limited to their personal pecuniary loss, expenses covered by other sources such as private insurance or public programs are not recoverable" (Mayzel v Moretti, 105 AD3d at 817; see Kubik v Erhart, 78 AD3d 905, 906; Mickens v LaSala, 8 AD3d 453).
Contrary to the contention of Berg and Arcadia, they are not entitled to summary judgment dismissing the complaint insofar as asserted against them on the issue of liability. Although the affidavit of their expert did demonstrate their prima facie entitlement to judgment as a matter of law on this issue, the affidavit of the plaintiffs' expert in response presented a credibility battle between the parties' experts, and "'issues of credibility are [best] left to a jury for its resolution'" (Leto v Feld, 131 AD3d 590, 592, quoting Barbuto v Winthrop Univ. Hosp., 305 AD2d 623, 624; see Stoves v City of New York, 293 AD2d 666; Halkias v Otolaryngology-Facial Plastic Surgery Assoc., 282 AD2d 650).
The Supreme Court should also have denied those branches of the respective motions which sought summary judgment on the basis that there is no triable issue of fact with respect to the plaintiffs' claims of extraordinary expenses. The record demonstrates a triable issue of fact as to whether the child's medical conditions caused the plaintiffs to incur extraordinary expenses, including the cost of child care above what the plaintiffs would have spent had their child been born without disabilities and the costs of medical care and equipment directly attributable to the child's disabilities which were not reimbursed by other sources (see Mayzel v Moretti, 105 AD3d at 817; Kubik v Erhart, 78 AD3d at 906).
DILLON, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court