Riley v Rupp (2024 NY Slip Op 06402)

Riley v Rupp

2024 NY Slip Op 06402

Decided on December 19, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 19, 2024

CV-23-1330
[*1]Katelynn Riley, Individually and as Parent and Guardian of D.R., an Infant, Respondent,
v
Melinda B. Rupp et al., Appellants.

Calendar Date:November 12, 2024

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, Fisher and Powers, JJ.

Aswad & Ingraham, LLP, Binghamton (Mary E. Saitta of counsel), for appellants.
Bottar Law, PLLC, Syracuse (Samantha C. Riggi of counsel), for respondent.

Garry, P.J.
Appeal from an order of the Supreme Court (Jeffrey A. Tait, J.), entered June 23, 2023 in Broome County, which denied defendants' motion for partial summary judgment.
In this action for wrongful birth, plaintiff seeks to recover for the extraordinary care and treatment required by her child, who was born with trisomy 18 after defendant Melinda B. Rupp allegedly failed to timely diagnosis the genetic condition. Following joinder of issue and an unsuccessful attempt to dismiss the wrongful birth claim, defendants moved for partial summary judgment dismissing any aspect of the claim that sought extraordinary care and treatment expenses that were or will be covered by Medicaid. Acknowledging a departmental split on the issue and relying on this Court's precedent, Supreme Court denied the motion. Defendants appeal.
In Becker v Schwartz (46 NY2d 401 [1978]), the Court of Appeals "recognized a new, narrow cause of action permitting parents to recover the extraordinary care and treatment expenses 'accruing as a consequence of the birth' of a child with a disability" (B.F. v Reproductive Medicine Assoc. of N.Y., LLP, 30 NY3d 608, 613-614 [2017], quoting Becker v Schwartz, 46 NY2d at 412). This so-called "wrongful birth" cause of action "is restricted to those instances in which the plaintiff[ ] can demonstrate 'that but for the defendants' breach of their duty to advise plaintiff[ ], the latter would not have been required to assume these [extraordinary financial] obligations' " (B.F. v Reproductive Medicine Assoc. of N.Y., LLP, 30 NY3d at 614, quoting Becker v Schwartz, 46 NY2d at 412-413). Thus, parents who successfully prosecute a claim for wrongful birth are entitled to damages only for " 'the increased financial obligation arising from the extraordinary medical treatment rendered the child during minority' " (Foote v Albany Med. Ctr. Hosp., 16 NY3d 211, 215 [2011], quoting Bani-Esraili v Lerman, 69 NY2d 807, 808 [1987]; see B.F. v Reproductive Medicine Assoc. of N.Y., LLP, 30 NY3d at 614).
The question posed here is whether that increased financial obligation excludes plaintiff's expenses that have been or will be paid by Medicaid. This Court has previously held that, "as with any tort action in which damages for economic losses are sought, the availability of another source of compensation does not obviate [the plaintiff's] injury," further recognizing that "Medicaid is a payor of last resort[,] and recoupment from responsible third parties is necessary to ensure that the Medicaid program remains" as such (Foote v Albany Med. Ctr. Hosp., 71 AD3d 25, 28 [3d Dept 2009] [internal citations, quotation marks and brackets omitted], affd 16 NY3d 211 [2011]).[FN1] The First Department has similarly reasoned that "Medicaid is merely a secondary means of providing necessary medical care, which is furnished by the [s]tate in loco parentis," and that there is "no reason why such cost should be borne as a public expense where judgment may be recovered against the [*2]culpable party" (Germosen v Gupta, 237 AD2d 121, 121 [1st Dept 1997]; see Mercado v Institute for Urban Family Health, 39 AD3d 409, 409-410 [1st Dept 2007]). In contrast, the Second Department has held, with somewhat limited analysis, that, because a parent's recovery in a wrongful birth claim "is limited to their personal pecuniary loss, expenses covered by other sources, such as private insurance or public programs, are not recoverable" (Kubik v Erhart, 78 AD3d 905, 906 [2d Dept 2010]; see Mickens v LaSala, 8 AD3d 453, 454 [2d Dept 2004], lv denied 4 NY3d 705 [2005]; see also Vasiu v Berg, 192 AD3d 1060, 1061 [2d Dept 2021]; Mayzel v Moretti, 105 AD3d 816, 817 [2d Dept 2013]).
We discern no reason to depart from our precedent. Substantively, the collateral source rule codified at CPLR 4545, which authorizes a court to find that certain awarded damages were or will be, with reasonable certainty, replaced or indemnified from another source, applies to "any action brought to recover damages for personal injury, injury to property or wrongful death" — that is, actions sounding in tort — "where the plaintiff seeks to recover for the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss" (CPLR 4545 [a]). These provisions must be strictly construed as they are in derogation of the common law (see Oden v Chemung County Indus. Dev. Agency, 87 NY2d 81, 86 [1995]),[FN2] and neither defendants nor the Second Department cases upon which they rely provide justification for treating wrongful birth claims — which are essentially medical malpractice claims — differently than all other torts for which economic damages are sought (see Becker v Schwartz, 46 NY2d at 412; see generally Teichman v Community Hosp. of W. Suffolk, 87 NY2d 514, 522 [1996]).
Procedurally, the Legislature has amended CPLR 4545 to clarify the process a court is to follow to apply a collateral source deduction (see L 2009, ch 494, § 2; Andino v Mills, 31 NY3d 553, 557 n 2 [2018]). The statute now clearly mandates that any such deduction "shall be made by the trial court after the rendering of the jury's verdict," and, thus, "[t]he plaintiff may prove his or her losses and expenses at the trial irrespective of whether such sums will later have to be deducted from the plaintiff's recovery" (CPLR 4545 [a]; see Liciaga v New York City Tr. Auth., 231 AD3d 250, 257 [2d Dept 2024]; Blanche, Verte & Blanche, Ltd. v Joseph Mauro & Sons, 79 AD3d 1082, 1083 [2d Dept 2010]). We recognize that it would greatly enhance the potential of settlement here if the collateral source question were resolved sooner, rather than later. Nonetheless, in view of this plain statutory language, in addition to our precedent, we reject any argument that the damages allegedly sustained by plaintiff are diminished by the alleged existence of a collateral source payor. Supreme Court therefore properly denied defendants' motion (see CPLR 4545 [a]; Foote v Albany Med. [*3]Ctr. Hosp., 71 AD3d at 28).
In view of defendant's remaining contentions, it further bears noting that the sort of facts and arguments typically marshaled posttrial in a collateral source hearing are not established in this record. For example, similar to the situation in Foote, plaintiff reports that the Broome County Department of Social Services holds a lien for the Medicaid benefits that have been paid for the child's care and treatment (see Foote v Albany Med. Ctr. Hosp., 71 AD3d at 28; see generally Social Services Law §§ 104, 104-b; Sizemore v Heavy Transp., 199 AD2d 969, 969-970 [4th Dept 1993]). Defendants urge that said lien is invalid; however, proof of such lien and the legal basis for asserting it are not contained within defendants' submissions. Defendants also assert that plaintiff's child will continue to be entitled to the Medicaid benefits he is presently receiving regardless of plaintiff's income or assets if she prevails in this action. Again, there is no factual predicate in defendants' papers regarding the nature of the subject benefits, nor is there any meaningful information concerning the specific statutory provisions underlying their argument (cf. Matter of Rensselaer County Sheriff's Dept. v New York State Div. of Human Rights, 131 AD3d 777, 783-784 [3d Dept 2015], lv dismissed & denied 26 NY3d 1128 [2016]; see generally Bryant v New York City Health & Hosps. Corp., 93 NY2d 592, 609-610 [1999]). It must also be emphasized that the parties have not addressed whether the subject Medicaid payments fall within the statutory exception for payments "as to which there is a statutory right of reimbursement" (CPLR 4545 [a]). Ultimately, the papers before us are wholly inadequate for resolution of defendants' collateral source contentions, even if they were procedurally proper.
Lynch, Reynolds Fitzgerald, Fisher and Powers, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: In reviewing this Court's precedent, the Court of Appeals left open the question as to whether the availability of another source of compensation obviates a parent's injury in a wrongful birth action, as it was not necessary to address that issue (see Foote v Albany Med. Ctr. Hosp., 16 NY3d at 216).

Footnote 2: CPLR 4545 (a) modifies the common-law collateral source rule (see Andino v Mills, 31 NY3d 553, 560 [2018]), which traditionally sought "to ensure that tortfeasors pay for all damages caused by their tortious conduct" (Inchaustegui v 666 5th Ave. Ltd. Partnership, 96 NY2d 111, 115 [2001]) and thus prohibited tortfeasors from "reduc[ing] [their] liability by the proceeds of insurance or some other source to which [they] ha[d] not contributed" (Oden v Chemung County Indus. Dev. Agency, 87 NY2d at 85). The principle goal of the statutory rule was to do away with the duplicative recoveries that the common-law rule accepted, "[t]o assure that plaintiffs are fully compensated — but not overcompensated" (Fisher v Qualico Contr. Corp., 98 NY2d 534, 538 [2002]).